IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

June 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | No. 03C01-9801-CR-00030 |
| Appellee, | * | CARTER COUNTY |
| VS. | * | Honorable Arden L. Hill, Judge |
| KERRY HUGHES, | * | (Voluntary manslaughter) |
| Appellant. | * | |

For Appellant:                                   For Appellee:

Keith A. Hopson                              John Knox Walkup
Counsel for the Appellant              Attorney General and Reporter
410 Shelby Street
Kingsport, TN 37660                      Clinton J. Morgan
                                                        Counsel for the State
                                                        425 Fifth Avenue, North
                                                        Cordell Hull Building, Second Floor
                                                        Nashville, TN 37243-0493

                                                        Kenneth Baldwin
                                                        Assistant District Attorney General
                                                        900 East Elk Avenue
                                                        Elizabethton, TN 37643

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Kerry M. Hughes, appeals as of right the trial court's denial of his motion to correct an illegal sentence. The single issue presented is whether the trial court erred by denying the motion. We affirm the judgment of the trial court.

The defendant, who was indicted for first degree murder, entered into an agreement whereby he entered a best interest plea of guilt to voluntary manslaughter, a Class C felony. See North Carolina v. Alford, 400 U.S. 25 (1970). The punishment for voluntary manslaughter may range from three to fifteen years. Tenn. Code Ann. § 40-35-112. A Range I sentence is three to six years. Tenn. Code Ann. § 40-35-112(a)(3). In 1992, the trial court imposed a sentence of fifteen years coupled with Range I release eligibility of thirty percent.

In 1997, the defendant sought relief, claiming the sentence was illegal. At an evidentiary hearing, counsel for the defense introduced the judgment form and the transcript of the plea submission hearing but did not submit the written plea agreement. Defense counsel argued that the trial court had failed to properly inform the defendant that he was agreeing to a sentence higher than that permitted for a Range I offender. While the defendant was present at the evidentiary hearing, he declined to testify. The defendant's trial counsel did not participate in the proceeding. The trial court denied the motion, concluding that the post-conviction statute of limitations barred consideration of the claim and that the transcript established that defendant's plea was knowing and voluntary.

During the submission hearing, the defendant had stated under oath that he understood his right to a trial by jury, his right to counsel, his right to confront

2

the witnesses, his right of compulsory process, and his right against self-incrimination.  He assured the trial court that his plea was voluntary, that he was not coerced or threatened, and that he had read, signed, and understood the plea agreement.  Terms of the plea agreement were disclosed during the hearing, as follows:

> Trial Court: Are you pleading guilty rather than go to trial charged with murder in the first degree and possibly being found guilty, and possibly receiving a greater sentence than <u>this fifteen years to which you are agreeing</u>?
>
> Defendant: Yes, I am.
>
> Trial Court: In other words, <u>this is as a result of plea bargaining, and whether you are guilty or not, you are accepting the fifteen years, is that right</u>?
>
> Defendant: Rather than face the consequences of a life sentence or capital punishment, yes sir.
>
> &ast;&ast;&ast;
>
> Trial Court: ... [T]he Court finds you guilty of Voluntary Manslaughter and sets your punishment at fifteen (15) years in the Tennessee Department of Correction[], as a Standard 30% Range I Offender ... [D]o you understand everything that's gone on here today?
>
> Defendant: Yes, sir.
>
> &ast;&ast;&ast;
>
> Trial Court: ... Did you sign this form, Waiver of Jury Trial, Plea of Guilty and Submission of the Case to the Court[?]  I saw you sign it, did you read it before you signed it?
>
> Defendant: Yes, sir, I did.
>
> Trial Court: Let the record show that I saw him sign it, and -- well, this shows ...
>
> Defendant: And you saw me read it too.

(Emphasis added).

There was no discussion of the defendant's range nor did the trial court inform the defendant that the fifteen-year sentence he was agreeing to exceeded the three- to six-year range set forth by the statute.  On the other hand, the transcript indicates that the sentence resulted from a written plea agreement

3

which had been approved by the trial court. That agreement is conspicuously absent from the record.

It is the duty of the appellant to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis for the appeal. Because the agreement is not in the record, this issue must be treated as waived. Tenn. R. App. P. 24(b); State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987).

Nevertheless, the defendant would not prevail on the merits. Although this court recognizes that the post-conviction statute of limitations would bar any constitutional claims of the defendant, see Compiler's Notes, Tenn. Code Ann. § 40-30-201 (1997); Thomas C. Maney, Jr., v. State, No. 03C01-9612-CR-00470 (Tenn. Crim. App., at Knoxville, Oct. 10, 1997), as a general rule, an illegal sentence may be corrected at any time. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Moreover, this court has held that the post-conviction statute of limitations does not bar consideration of a claim that the sentence imposed is illegal. Kevin Lavell Abston v. State, No. 02C01-9807-CR-00212 (Tenn. Crim. App., at Jackson, Dec. 30, 1998) (citing State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987)); accord James Gordon Coons, III v. State, No. 01C01-9801-CR-00014 (Tenn. Crim. App., at Nashville, May 6, 1999). Our supreme court has ruled that a hybrid sentence, in which the defendant agrees to a sentence in excess of his or her range, is not illegal so long as the plea is knowingly and voluntarily made. Hicks v. State, 945 S.W.2d 706 (Tenn. 1997). Claims regarding range classification and release eligibility are considered waived by a knowing and voluntary plea. Id. at 709; Mahler, 735 S.W.2d at 228.

In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court ruled that defendants should be advised of certain of their constitutional rights before entering pleas of guilt. Included among those required warnings are the right against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Id. at 243. The overriding Boykin requirement is that the guilty plea must be knowingly and voluntarily made. Id. at 242-44. If the proof established that the petitioner was aware of his constitutional rights, he is entitled to no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats ....'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43). That is, the accused must have a "'full understanding of what the plea connotes and of its consequences." State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (quoting Boykin, 395 U.S. at 244 (emphasis added in Pettus)). The record of the plea submission must "affirmatively demonstrate" that the defendant was aware of the significant consequences of his plea. State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977).

In this instance, the transcript demonstrates that the defendant was informed of and understood his constitutional rights and that the defendant agreed to a fifteen-year sentence for voluntary manslaughter rather than face a trial for first degree murder. Obviously, plea negotiations between the defendant and the state had resulted in a plea bargain agreement. During the proceeding, a written agreement had been approved by defense counsel and signed by the defendant. Although the trial court did not explain that the Range I sentence for voluntary manslaughter was three to six years, that alone does not render the plea involuntary or unknowing. Because the length of sentence was the significant consequence of

5

the plea, the defendant clearly understood the length of his term of imprisonment.

Accordingly, we affirm the judgment of the trial court.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
Norma McGee Ogle, Judge

_____
John K. Byers, Senior Judge