# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 2000 Session

## State of Tennessee v. Bruce C. Reliford

**Writ of Certiorari from the Criminal Court for Shelby County for Correction of Illegal Sentence**
**Nos. 93-06433-34, 93-06437-38, Fred Axley, Judge**

--------

**No. W1999-00826-CCA-R3-CD - Decided October 2, 2000**

--------

This direct appeal follows dismissal of the appellant's motion at the trial level for a "Correction/Reduction" of his sentences. The appellant is currently serving an effective sentence of life without parole after pleading guilty in 1995 to the offenses of first degree murder, two counts of aggravated robbery and one count of aggravated assault. He argues that his sentences are illegal and are subject to correction because (1) his life sentence is in direct contravention of statutory authority and (2) his negotiated plea agreement with the State is incapable of specific performance. The indictment alleges that these offenses occurred on December 24, 1992. On this date, life without the possibility of parole was not an available sentencing option for first degree murder. Although we find that appellate review of a "Motion for Correction or Reduction" of a sentence is not available, as of right, under Tenn. R. App. P. 3(b), nonetheless, we hold that review is available under the common law writ of certiorari. Upon review of the presented issues, we conclude that the trial court was without authority to impose a sentence of life without the possibility of parole for first degree murder. This conviction and sentence is vacated. Because the appellant's plea agreement encompassed all of his convictions and resulting sentences, we find it necessary upon vacating his first degree murder conviction to also vacate his convictions and sentences for aggravated robbery and aggravated assault. This case is remanded to the trial court for further proceedings.

**Tenn. Code Ann. § 27-8-101; Judgment of the Criminal Court is reversed; sentences vacated and remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J. and JOHN EVERETT WILLIAMS, J., joined.

Randall B. Tolley, Memphis, Tennessee, for the appellant, Bruce Reliford.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Kim R. Helper, Assistant Attorney General, William L. Gibbons, District Attorney General, and Edgar A. Peterson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 6, 1995, the appellant, Bruce C. Reliford, entered, pursuant to a negotiated plea agreement, guilty pleas to two counts of aggravated robbery, one count of aggravated assault, and one count of first degree murder. The indictment recites that these offenses occurred on December 24, 1992. The negotiated plea agreement provided that the appellant would receive concurrent sentences of twelve years for each count of aggravated robbery, six years for aggravated assault, and a sentence of life without the possibility of parole for first degree murder. The agreement further provided that the appellant's state sentences would be served concurrently with a federal sentence in case CR93-20107M, USDC, W.D.TN. The trial court accepted the plea agreement and imposed the bargained for sentences.

On July 23, 1999, the appellant filed a "Motion for Correction/Reduction of Sentence," alleging that the Shelby County Criminal Court imposed illegal sentences. Specifically, the appellant complained:

(1) No notice of enhancement for sentencing as a multiple, persistent, or career offender was provided by the State;

(2) The appellant's pleas were involuntary as the State cannot fulfill its end of the plea bargain that his sentences be served concurrently with an outstanding federal sentence.

The trial court denied the motion on the basis that it was without jurisdiction to entertain the motion pursuant to Tenn. R. Crim. P. 35(b) (reduction of sentence may only be granted if application filed 120 days after sentence imposed). The court further found the sentences to be legal as entered pursuant to a valid guilty plea agreement. The appellant now appeals the trial court's ruling.

**Analysis**

Initially, we note that the appellant's "Motion for Correction/Reduction of Sentence" is not a proper means by which to invoke this court's review by means of a direct appeal. See generally Tenn. R. App. P. 3(b); see, e.g., State v. Guillermo Matias Juan, No. 03C01-9812-CR-004433 (Tenn. Crim. App. at Knoxville, Aug. 25, 1999), perm. to appeal denied, (Tenn. Jan. 31, 2000). Notwithstanding this procedural bar to appellate review, the appellant is not without a course of relief. In State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998), a panel of this court held that, where no appeal of right to this court exists to provide a party an avenue of relief, a party may seek the "common law writ of certiorari." The common law writ

may be granted . . . in all cases where an inferior tribunal . . . has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

Leath, 977 S.W.2d at 135 (quoting Tenn. Code Ann. § 27-8-101). Accordingly, the proper procedure for the appellant to seek review of the trial court's disposition in this case would have been by the common law writ of certiorari. Id. Writing on behalf of this court, Judge Woodall recognized that this court, in the interest of justice, has the authority to treat an improperly filed appeal as a petition for writ of certiorari. Leath, 977 S.W.2d at 135. Moreover, it is fundamental that a trial judge may correct an illegal sentence at any time, even if it has become final. State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978). Logic dictates that some avenue of appeal lies from an adverse ruling of the trial court. Thus, considering the posture of the case presently before this court, we elect to treat the appeal as a petition for writ of certiorari and we proceed to determine the matter on the merits.

## A. Notice of Intent to Seek Enhanced Sentences

The appellant first contends that his sentences are illegal due to the State's failure to file a Notice of Enhancement ten days prior to trial as required by Tenn. R. Crim. P. 12.3. See also Tenn. Code Ann. § 40-35-202 (notice to seek punishment as multiple, persistent or career offender). The appellant was sentenced as a range I offender for his convictions of aggravated robbery and aggravated assault. Thus, with regard to these convictions, this is a non-issue. We find the sentences imposed for these offenses valid.

Notwithstanding the legality of his sentences for aggravated robbery and aggravated assault, we conclude that the sentence of life without parole imposed for his conviction of first degree murder is illegal.[1] "[A] judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final." State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987) (citing Burkhart, 566 S.W.2d at 871). The instant offenses were committed on December 24, 1992. Prior to 1993, the only punishments available for a person convicted of first degree murder were life imprisonment and death. See State v. Cauthern, 967 S.W.2d 726, 735 (Tenn. 1998) (citing Tenn. Code Ann. § 39-13-202(b)(1991)). Sentencing is jurisdictional and must be executed in compliance with the applicable legislative mandates. See McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). Thus, even if the sentence was the sentence bargained for in the plea agreement, the trial court lacked the statutory authority to impose a sentence, *i.e.*, life without the possibility of parole, that deviated from the penalties proscribed by law. McConnell, 12 S.W.3d at 795, 799-800. The State concedes that the sentence of life without the possibility of parole is illegal. Accordingly, the appellant's conviction and sentence for first degree murder is vacated and remanded to the trial court for further proceedings.

---

[1] The appellant's argument appears to suggest that his sentence for first degree murder is improper because the State failed to give him "ten (10) days [notice] prior to being sentenced to Life without Parole." In view of our holding, we find it unnecessary to address this contention.

## B.  Concurrent Nature of State and Federal Sentences

Finally, the appellant asserts that his guilty pleas were not knowingly and voluntarily entered. Specifically, he contends that he has not received the benefit of his bargained for concurrent state and federal sentences.  In support of his position, the appellant relies upon this court's opinion in Derrick E. Means v. State, No. 02C01-9707-CR-00248 (Tenn. Crim. App. at Jackson, Aug. 13, 1998) (*per curiam*) (guilty pleas not knowingly entered where plea agreement provided for concurrent state and federal sentences to be served in federal custody).

Initially, we note that an attack on a voidable conviction must be brought in a post-conviction proceeding.  See Tenn. Code Ann. § 40-30-203.  In the present case, the applicable statute of limitations for seeking post-conviction review has expired.  See Tenn. Code Ann. § 40-30-202. Moreover, in addition to the expiration of the statute of limitations period, the facts presently before this court are distinguishable from those before this court in Derrick E. Means v. State.  In Derrick E. Means v. State, Defendant Means entered guilty pleas pursuant to a negotiated plea agreement which provided that all of Defendant Means' sentences would be served concurrently with one another and concurrently with a prior federal sentence. Derrick E. Means v. State, No. 02C01-9707-CR-00248.  The agreement further provided that the sentences were to be served in federal custody. Id.  Federal authorities subsequently refused to accept Defendant Means into federal custody to commence service of his sentences, thereby resulting in the service of consecutive and not concurrent sentences.  Id.  In the present case, neither the negotiated plea agreement nor the judgment forms reflect that the appellant's state sentences are to be served in federal custody.  Moreover, Tenn. R. Crim. P. 32 provides for concurrent service of state and federal sentences if explicitly ordered by the trial court.  The appellant has not presented any evidence establishing that he has not received the bargained for sentence or that the bargained for sentence has not been fulfilled.  Thus, this issue is without merit.

## Conclusion

Finding that the trial court was without statutory authority to impose the bargained for sentence of life without the possibility of parole for the appellant's conviction of first degree murder, we vacate the conviction and sentence for first degree murder.  Moreover, since the appellant's plea bargain agreement encompassed not only the charge of first degree murder but also the charges for aggravated robbery and aggravated assault, we are unable to separate the individual convictions/sentences imposed under the plea agreement in fashioning appropriate relief. Accordingly, we must vacate all convictions and remand to the trial court.  On remand, the trial court may impose a sentence that is mutually agreeable to the State and the appellant, so long as the sentence is available under the applicable law.  If an agreement is not reached, the appellant may withdraw his guilty pleas and proceed to trial on the original charges.  See, e.g., McConnell, 12 S.W.2d at 800.

_____
DAVID G. HAYES, JUDGE