IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1995 SESSION

FILED

September 27, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RONALD LATURE McCRAY, | * | C.C.A. # 02C01-9412-CC-00277 |
| APPELLANT, | * | FAYETTE COUNTY |
| VS. | * | Hon. Jon Kerry Blackwood, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| APPELLEE. | * | |

For the Appellant:

Shana C. McCoy
Asst. Dist. Public Defender
P.O. Box 700
Somerville, TN  38068-0700

For the Appellee:

Charles W. Burson
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN  37243-0493

Cyril V. Fraser
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

Elizabeth T. Rice
District Attorney General
and
Christopher Marshburn
Asst. District Attorney General
302 Market Street
Somerville, TN  38068

OPINION FILED:_____

REVERSED AND REMANDED

Gary R. Wade, Judge

The petitioner, Ronald Lature McCray, appeals the trial court's denial of post-conviction relief. The single issue presented for our review is whether the trial court should have granted relief due to the illegality of the sentence.

We find that the trial court committed error by denying relief and remand the cause for further proceedings.

Originally charged with first degree murder, possession of a firearm with intent to use it in the commission of a felony, and especially aggravated robbery, the petitioner pled guilty to second degree murder and, pursuant to agreement, received a Range I sentence of 60 years. Thereafter, the petitioner filed a motion to correct or reduce the sentence and the trial court denied relief. The petitioner appealed and this court affirmed. State of Tennessee v. Ronald McCray, No. 02C01-9309-CC-00220 (Tenn. Crim. App., at Jackson, October 5, 1994). The supreme court denied the application for permission to appeal on January 3, 1995.

In his petition for post-conviction relief, the petitioner complained that his counsel was ineffective for, among other things, having failed to conduct an adequate investigation and allowing the defendant to agree to a sentence greater than the statutory range. See Tenn. Code Ann. § 40-35-112(a)(1). The petitioner testified that before

this incident he had not been previously charged with a crime. He complained that he had entered his plea only because of his fear of the death penalty or life imprisonment and because his counsel had failed to advise him that, as a Range I offender, the statutory sentence was between 15 and 25 years.

The petitioner's trial counsel testified that he believed a first degree murder conviction was likely because the death of the victim had been "execution style" while in the course of a robbery. He testified that the petitioner had been advised that his 60-year sentence could be served in 18 years. Trial counsel also stated that he had assured the state that the petitioner was likely to plead guilty and had, by doing so, convinced the state not to file notice of its intention to seek the death penalty.

At the conclusion of the hearing, the trial court ruled that the petitioner had not been denied the effective assistance of counsel. It specifically found that trial counsel had not been ineffective by suggesting a plea agreement of sixty years with a release eligibility date at 30%. It is implicit in the ruling that the trial court found nothing illegal about the sentence.

In State v. Mahler, 735 S.W.2d 226 (Tenn. 1987), our supreme court held that a defendant who had entered a knowing and voluntary plea of guilt to a sentence within the statutory range could accept classification as a Range II offender, even though he did not technically qualify above Range I. See

4

Tenn. Code Ann. §§ 40-35-105 through -109.  The sentence was affirmed on the basis that the defendant could legitimately enter a plea agreement within a range of punishment provided by law, even if the defendant did not have a sufficient prior record to warrant the higher classification within the range. In Mahler, however, the supreme court made a distinction regarding the length of the sentence.  It ruled that "a judgment imposed by a trial court in direct contravention of express statutory provisions ... is illegal and is subject to being set aside at any time, even if it has become final." 735 S.W.2d at 228 (emphasis added).

More recently, this court set aside as illegal a plea agreement similar to that made in this case.  In George Cheairs v. State, No. 02C01-9304-CC-00070 (Tenn. Crim. App., at Jackson, October 26, 1994), this court made the following observation:

> If the parties can agree that a
> defendant be sentenced to a term of years
> exceeding the maximum for his range, then
> logically by agreement he could be
> sentenced to a term less than the minimum.
> The release eligibility date would then be
> determined by the agreement rather than
> the Range.  Thus, the statutory ranges and
> the corresponding release eligibility
> percentages would be virtually
> meaningless, with sentencing structure
> governed by contract rather than by
> statute.

Although we cannot distinguish the holding in Cheairs from that in Darnell Gentry v. State, No. 02C01-9304-CC-00052 (Tenn. Crim. App., at Jackson, June 29, 1994), perm. to app. denied, (Tenn. 1994), the decision in Cheairs appears to be in compliance with an order entered by our supreme court in State

5

v. Joseph Harvey Cutright, No. 02C01-9108-CC-00175 (Tenn., at Jackson, March 25, 1992). Because the range classification is based upon fact (prior criminal history of the defendant) and therefore is subject to plea negotiation, an arrangement such as that made in Mahler is permissible. Once range is established, however, the statute provides specific legal boundaries within which the determinative sentence must fall. Here, that would have been from fifteen to twenty-five years for a Range I offender.[1]

Based upon the greater weight of the authorities available, we are constrained to set aside this sentence as illegal and remand the cause to the trial court. Because the sentence proposed in the plea agreement exceeds the statutory limits, the trial court must reject the original, recommended sentence. Thereafter, the proceedings shall be governed by Tenn. R. Crim. P. 11(e)(2) or 11(e)(4). See State v. Hodges, 815 S.W.2d 151 (Tenn. 1991).

It is so ordered.

_____
Gary R. Wade, Judge

CONCUR:


_____
Joe B. Jones, Judge

_____

[1]The state's offer of 60 years at 30% would have provided a release eligibility date of 18 years. It could have accomplished the same 18-year result with a Range III (45%), 40-year sentence. See Tenn. Code Ann. § 40-35-101, et seq.

_____
John K. Byers, Senior Judge