# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1999 SESSION

**FILED**

**December 28, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **AARON T. JAMES,** | ) | |
| Appellant | ) | **NO. W1998-00463-CCA-R3-PC** |
| | ) | **SHELBY COUNTY No. P-16158** |
| **VS.** | ) | |
| | ) | **HON. W. FRED AXLEY,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**LINDA KENDALL GARNER**
50 North Front Street, Suite 780
Memphis, TN 38103-1104

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**RHEA CLIFT SPEAKE**
Assistant District Attorney General
201 Poplar Ave. Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED - RULE 20 ORDER**

**JOE G. RILEY, JUDGE**

## O R D E R

Appellant, AARON T. JAMES, appeals the denial of his petition for post-conviction relief. On December 15, 1994, appellant pled guilty, pursuant to a plea agreement, to the Class A felonies of especially aggravated robbery, especially aggravated kidnapping and second degree murder. Appellant received Range I sentences of twenty-five years for especially aggravated robbery and especially aggravated kidnapping. He received a Range III persistent offender sentence of fifty years for second degree murder. The sentences were ordered to run concurrently.

On December 15, 1995, appellant filed a petition for post-conviction relief. The petition claimed that his plea was involuntary and without understanding of the consequences of such a plea. It also alleged ineffective assistance of counsel. After an evidentiary hearing, the post-conviction court denied relief.

One of appellant's co-defendants was tried prior to the appellant's guilty plea. Trial counsel testified that she attended each day of the trial and talked with appellant about each of the witnesses presented. Appellant's co-defendant received a sentence of life for first degree murder, plus fifty years consecutively on the other charges. Trial counsel advised appellant of possible sentences he could receive if convicted at trial, as well as the full range of punishment based upon the guilty plea. In the presence of his family, she charted the difference in sentences on a piece of paper for the defendant and explained to him when he would be eligible for parole under the sentences offered versus the sentences he could receive if he proceeded to trial.

Appellant testified that his attorney never explained the ranges of punishment to him, and he did not understand he was pleading outside of his Range I standard offender status for second degree murder. He claimed that he was a high school drop-out and did not understand the math involved in calculating his potential sentence.

However, at the guilty plea hearing, appellant indicated he understood he was agreeing to serve fifty years as a persistent offender at forty-five percent for the

charge of second degree murder. At the post-conviction hearing, when asked why he did not ask questions about his sentence when he was given the opportunity, the appellant replied, "I didn't want to be bothered with them at the time."

A review of the record shows that the trial judge clearly advised appellant of his rights at the guilty plea hearing. She specifically asked defendant if he understood the charges against him and the Range III sentence he was receiving for second degree murder. The appellant had ample opportunity to ask questions or express any dissatisfaction with the plea agreement and its terms. We also note appellant was indicted for first degree murder; therefore, a Range III sentence for second degree murder was proper under the plea agreement. *See* State v. Mahler. 735 S.W. 2d 226, 228 (Tenn. 1987).

The post-conviction judge conducted a full evidentiary hearing and entered an excellent written order of findings of fact and conclusions of law. He found appellant's plea to be both knowing and voluntary and counsel's representation effective. The evidence does not preponderate against these findings. Appellant's claims are without merit.

The judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. It appearing that the appellant is indigent, costs shall be taxed to the State.

So ordered. Enter:

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**