IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief January 31, 2001

## STATE OF TENNESSEE v. JACQUESE STENAE EWING

**Direct Appeal from the Circuit Court for Madison County**
**No. C-00-68     Roy Morgan, Judge**

_____

### No. W2000-01190-COA-R3-PC - Filed May 16, 2001

_____

This is an appeal by a juvenile from an order of the circuit court granting the State's motion to dismiss her petition for post-commitment relief. The grounds stated in the petition are that she was given an illegal sentence when the juvenile court, having found her delinquent in that she committed "theft under $500.00, violation of aftercare," imposed a determinate sentence of 2 years. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded.**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Stephen P. Spracher, Assistant Public Defender, for the appellant, Jacquese Stenae Ewing.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

On March 6, 2000, Jacquese Stenae Ewing, a juvenile, filed a **_pro se_** petition for post-commitment relief in the Circuit Court of Madison County, Tennessee, alleging that she is presently placed at the Woodland Hills Youth Development Center in Nashville, a secure facility of the Tennessee Department of Children's Services. The petition alleges that, at the time of her commitment, she was not "within six months of her eighteen birthday[ and] had not been previously adjudicated delinquent in three felony offenses arising out of several criminal episodes . . . and she was not convicted of any offenses described in T.C.A. § 37-1-137(a)(1)(B) or (C)." The petition further requested the appointment of counsel as required by T.C.A. § 37-1-320 and that the order of the juvenile court be set aside insofar as it imposes a determinate sentence and asks that the case be remanded to the Juvenile Court of Madison County for appropriate disposition. On that same date a motion for appointment of counsel was filed by Ms. Ewing stating that she could not afford to

retain counsel. Attached to the motion was a uniform civil affidavit of indigency. By order of April 17, 2000, an order was entered in the circuit court appointing counsel for Ms. Ewing.

The State filed a response and motion to dismiss on the basis that this is a petition filed under the Juvenile Post-Commitment Procedures Act, which is the equivalent of the Post-Conviction Procedure Act for adults. The State took the position that the petition should be dismissed as the grounds raised do not go to a constitutional right but are an attack on the validity of the Defendant's sentence, that sentencing issues not raised on appeal are considered waived for post-conviction purposes, and that the rules of the juvenile court permit an appeal to circuit court for an adjudication of delinquency or commitment, citing Juvenile Rule of Procedure 36.[1] The State further took the position in its motion that post-conviction or post-commitment relief cannot be used as a substitute for a direct appeal and that Ms. Ewing waived her right to raise this issue because she failed to timely perfect an appeal from the juvenile court as required by T.C.A. § 37-1-304.

The trial court entered an order dismissing the petition on May 10, 2000, and Ms. Ewing filed a notice of appeal to the Court of Criminal Appeals. That court entered an order transferring the appeal to this court pursuant to Rule 17 T.R.A.P.

It has long been the law in this jurisdiction that a trial judge may correct an illegal sentence at any time, even if it has become final. *See State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). "[A] judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final." *State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987) (citing *Burkhart*, 566 S.W.2d at 871). The statute relied upon by the appellant, section 37-1-137 of the Tennessee Code Annotated, Commitment of delinquent children to the department of children's services, states:

> (a)(1)(A) An order of the juvenile court committing a delinquent child to the custody of the department of children's services shall be for an indefinite time.
> (B) If a juvenile offender is tried and adjudicated delinquent in juvenile court for the offense of first degree murder, second degree murder, aggravated rape, aggravated sexual battery, especially aggravated kidnapping, aggravated robbery, especially aggravated robbery, aggravated arson, attempt to commit first degree murder, or violations of § 29-17-417(b), (i) or (j), or has been previously adjudicated delinquent in three (3) felony offenses arising out of separate criminal episodes at least one (1) of which has resulted in institutional commitment to the department of children's services, or is within six (6) months of the child's eighteenth birthday at the time of the adjudication of the child's delinquency, the commitment may be for a determinate period of time but in no event shall the length of the commitment be greater than the sentence for the adult convicted of the same crime, nor shall such commitment extend past the offender's nineteenth birthday. Commitment under this

---

[1]Rule 36(e) of the Tennessee Rules of Juvenile Procedure provides that an appeal may be perfected by filing a notice of appeal within ten days of the entry of the order of final disposition.

section shall not exceed the sentences provide for in title 40, chapter 35, and in no event shall a juvenile offender be sentenced to Range II or Range III.

Tenn. Code Ann. § 37-1-137(a)(1)(A)(B) (1996).

The petitioner alleged in her sworn petition that she did not meet any of the criteria set forth in the above statute which would allow her to receive a determinate sentence, in this case a determinate sentence of two years. As heretofore noted, the State filed a motion to dismiss, which of course admits the allegations of the pleadings. *See Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn. Ct. App. 1992).

Section 37-1-305 of the Tennessee Code Annotated provides that relief under a petition for post-commitment relief "shall be granted when petitioner's commitment is void or voidable because of the abridgement in any way of any right guaranteed by the laws or constitution of this state, the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either constitution requires retrospective application of that right." Tenn. Code Ann. § 37-1-305 (1996). The State in its brief does not take the position that the petition for post-conviction relief was not the proper avenue by which petitioner is entitled to seek relief,[2] but rather that her right to relief was waived when she failed to timely appeal her conviction. However, if the petitioner did not seek the proper means by which to invoke review by means of a direct appeal, we believe that such a procedural bar would not be without a course of relief. In *State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998), the Court of Criminal Appeals held that, where no appeal of right exists to provide a party an avenue of relief, a party may seek the "common law writ of certiorari." The common law writ "may be granted . . . in all cases where an inferior tribunal . . . has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." *Leath*, 977 S.W.2d at 135 (quoting Tenn. Code Ann. § 27-8-101). As Judge Hayes stated in *State v. Reliford*, No. W1999-00826-CCA-R3-CD, 2000 WL 1473846, at *2, (Tenn. Crim. App. Oct. 2, 2000) (*no perm. app. filed*), "[l]ogic dictates that some avenue of appeal lies from an adverse ruling of the trial court." Thus, considering the posture of the case presently before this court, we elect to treat the petition as a petition for common law writ of certiorari and we proceed to determine the matter on the merits. Accordingly, we will treat the present case as a petition for writ of certiorari which questions the legality of the sentence imposed by the juvenile court.

As the State points out in its brief, theft of property is a Class A misdemeanor if the value of the property or services obtained is $500 or less. *See* Tenn. Code Ann. § 39-14-105(1) (1989). An adult convicted of this crime would face an authorized term of imprisonment not greater than eleven months, twenty-nine days. *See* Tenn. Code Ann. § 40-35-111(e)(1) (1989).

---

[2]The State did take the position in its response to the petition filed in circuit court that a petition for post-commitment relief cannot be used as a substitute for direct appeal.

The State candidly and admirably takes the position that, "because it appears that the determinate commitment in this case may be illegal under the statute, this case should be returned to the juvenile court for further review." We agree.

The State further notes that it cannot be determined from the juvenile court order whether the aftercare violation was a separate adjudication of delinquency. This court likewise cannot make that determination and that is a factor that will need to be determined by the juvenile court on remand.

Having reviewed this sparse record, it appears that Ms. Ewing was given a sentence beyond that authorized by statute. With respect to the waiver argument, *State v. Burkhart*, 566 S.W.2d 871 (Tenn. 1979), teaches us that a judgment "in direct contravention of express statutory provisions" is illegal and is subject to being set aside even if it has become final. To hold that Ms. Ewing waived her right to assert that her sentence was illegal because she failed to raise this issue on direct appeal would be inconsistent with the holding in *Burkhart*.

In summary, unless Ms. Ewing meets any of the criteria set forth in T.C.A. § 37-1-137(a)(1)(B), her sentence may not be for a determinate period and may not exceed that which would be imposed on an adult for the same crime. The sentence imposed was a determinate sentence of two years. Since the judgment imposed is in direct contravention of express statutory provisions, it is an illegal sentence subject to being set aside at any time. The judgment of the circuit court dismissing the petition is reversed and this case is remanded for such additional proceedings as may be necessary, consistent with this opinion. Costs on appeal are taxed to the State of Tennessee.

_____
DAVID R. FARMER, JUDGE