IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2001

## GREGORY W. CLEMENTS v. STATE OF TENNESSEE

**Appeal as of Right from the Criminal Court for Shelby County**
**No. P-24689     James C. Beasley, Jr., Judge**

_____

**No. W2001-00739-CCA-R3-PC - Filed January 9, 2002**

_____

The petitioner, Gregory W. Clements, pled guilty in the Shelby County Criminal Court to one count of second degree murder and was sentenced as a Range II offender to thirty-five years incarceration in the Tennessee Department of Correction. The petitioner filed a petition for post-conviction relief, alleging that his sentence is illegal. The post-conviction court dismissed the petition, due to the expiration of the applicable statute of limitations. The petitioner now appeals. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Gregory W. Clements, Henning, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; John W. Pierotti, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

In May 1992, the petitioner was indicted for one count of first degree felony murder and one count of first degree premeditated murder. On October 20, 1994, pursuant to a plea agreement, the petitioner pled guilty to second degree murder in exchange for a sentence of thirty-five years incarceration as a Range II offender with a thirty-five percent (35%) release eligibility.[1]

_____

[1] The record reflects that the petitioner's judgment of conviction was entered on October 20, 1994, but was not executed until February 7, 1995.

On February 19, 2001, the petitioner filed a petition for post-conviction relief, alleging that he is serving an illegal sentence. The petitioner complained that, because he has no prior felony criminal history, he could only be classified as a Range I offender. Accordingly, because he was sentenced as a Range II offender, his sentence is illegal. The post-conviction court dismissed his claim without a hearing, noting that the claim was not timely filed. On March 12, 2001, the petitioner filed a "Motion to Vacate or Correct Illegal Sentence," repeating the grounds contained in his original post-conviction petition. The post-conviction court dismissed this motion, finding that the petitioner failed to state a colorable claim for relief. The petitioner now appeals the trial court's dismissal of his petition for post-conviction relief.

## II. Analysis

Initially, we note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997). However,

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . or consideration of such petition shall be barred. . . . Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202(a) (1997); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). Because the final action in the petitioner's case occurred prior to May 10, 1995, the petitioner had one year from that date to file a petition for post-conviction relief. Specifically, our supreme court in Williams, 44 S.W.3d at 468, explained that

> the language of the [Post-Conviction Procedure] Act is unambiguous. The Act clearly mandates that post-conviction claims be filed within one year from the date of the final action or within one year from the enactment of this statute. [The petitioner] had one year after May 10, 1995, in which to file his petition, but he did not do so. Therefore, [he] failed to seek timely post-conviction relief under a strict application of the statute.

Accordingly, as the petitioner did not file for relief until February 19, 2001, we agree with the post-conviction court that the petition in this case was untimely filed. Cf. State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987) (stating "a judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final"); James Gordon Coons, III, v. State, No. 01C01-9801-CR-00014, 1999 WL 275009, at *3 (Tenn. Crim. App. at Nashville, May 6, 1999). Regardless, even had the post-conviction court permitted a hearing on the merits, the petitioner would not be entitled to relief.

The petitioner contends that the post-conviction court should have considered the merits of his petition because his claim falls under the exception to the limitations period contained in Tenn. Code Ann. § 40-30-202(b)(1) which provides:

> The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial. . . .

The petitioner argues that McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), announced a new rule of law that made his sentence illegal; accordingly, he argues that he had one year from the date of the filing of the McConnell opinion in which to file his petition for post-conviction relief. We disagree.

First, we observe that McConnell dealt with statutory interpretation of sentencing guidelines and did not establish "a constitutional right that was not recognized as existing at the time of trial." Tenn. Code Ann. § 40-30-202(b)(1). Regardless, the ruling in McConnell fails to help the petitioner gain relief from his sentence. In McConnell, the defendant pled guilty to second degree murder, as a Range I offender, and received a sentence of thirty-five years incarceration. 12 S.W.3d at 796. Because the length of the sentence was outside the range established for a Range I offender, see Tenn. Code Ann. § 40-35-112(a)(1) (1997), the court ruled that the sentence was illegal. Id. at 800. However, the court specifically noted that "[o]ur decision today in no way alters the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations," implicitly approving the decision in State v. Mahler, 735 S.W.2d 226 (Tenn. 1987). McConnell, 12 S.W.3d at 798.

The Mahler opinion directly addresses the petitioner's complaint. In Mahler, the defendant qualified as a Range I offender but accepted a guilty plea as a Range II offender. 735 S.W.2d at 227. The court noted that

> [t]he sentence imposed was clearly within statutory limits fixed for the offense of murder in the second degree. In our opinion any question as to the classification of appellant as a Range II offender or as to his release eligibility was waived by the guilty plea. It was not a constitutional error in and of itself and at most rendered the sentence subject to attack on direct review by appeal. Appellant . . . expressly agreed to be sentenced with the classification and parole eligibility imposed.

Id. at 228. The petitioner in this case agreed to be sentenced as a Range II offender. The sentencing range for a Range II offender convicted of second degree murder is "not less than twenty-five (25) nor more than forty (40) years. . . ." Tenn. Code Ann. § 40-35-112(b)(1). Accordingly, the petitioner's sentence of thirty-five years is clearly within the sentencing range for a Range II offender and thereby is not an illegal sentence.

### III.  Conclusion

Finding no reversible error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE