# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1997 SESSION



**FILED**

**March 26, 2008**

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STANLEY ADAMS,** | ) |
| | ) C.C.A. No. 02C01-9505-CR-00142 |
| Appellant, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Joseph B. McCartie, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Roseanne Ballin
Attorney at Law
4515 Poplar Avenue, Suite 527
Memphis, TN 38117-7584

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General (Present)

John W. Pierotti
District Attorney General (Former)

Rhea Clift
Asst. Dist. Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# OPINION

The appellant, Stanley Adams, was indicted for first degree murder and especially aggravated robbery. The state sought the death penalty. Pursuant to a negotiated plea, however, the appellant pled guilty to second degree murder and aggravated robbery. He was sentenced to 45 years for second degree murder and 15 years for aggravated robbery. The sentences were ordered to be served concurrently.

The appellant sought post-conviction relief. He alleged that he received ineffective assistance of counsel. The trial court denied his petition. This Court affirmed that denial. The appellant filed a second pro se petition attacking the legality of his sentence. The trial court denied relief and appointed counsel to represent the appellant on appeal. On appeal, the appellant argues involuntary and unknowing plea. Upon review, we affirm.

In essence, the appellant challenges his sentence as illegal. He maintains that a 45 year sentence is a Range III sentence for second degree murder. He, however, did not qualify as a Range III offender, he argues.

The trial court found that the appellant's sentence was within Range III. The court held that pursuant to State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987), the appellant "waived any right of appeal in the guilty plea proceedings, and expressly agreed to be sentenced with the classification and parole eligibility imposed." The court also noted that "the sentence was not illegal because it was within the range imposed by law for Murder Second (in this case, 15 to 60 years). Id. at 227."

Upon review, we find no error of law mandating reversal. The appellant apparently agreed to the 45 year sentence to avoid the death penalty. Moreover,

this Court previously found that trial counsel rendered competent representation. We affirm.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
THOMAS T. WOODALL, Judge