IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2010

**CURTIS SMITH v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 07-06189-95, 07-04856-59      Carolyn Wade Blackett, Judge**

**No. W2009-01689-CCA-R3-PC   -   Filed November 1, 2010**

The petitioner, Curtis Smith, appeals the denial of his petition for post-conviction relief. On appeal, he argues that the court erred in determining that:  his guilty plea was knowingly and voluntarily entered;  trial counsel provided effective assistance of counsel; and the trial court did not abuse its discretion in accepting his guilty plea. After careful review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and CAMILLE R. MCMULLEN, JJ., joined.

Vanessa M. Cross, Memphis, Tennessee, for the appellant, Curtis Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William L. Gibbons, District Attorney General; and Brooks Yelverton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner entered guilty pleas on October 26, 2007, to twelve counts of selling cocaine to undercover police officers. He was sentenced pursuant to a plea agreement, as a Range I, standard offender, to four years on each of these offenses, to be served in the community correction program. Pursuant to the agreement, some of these sentences were to run concurrently, and others were to run consecutively, resulting in an effective sentence of twenty years.

On April 28, 2008, the court revoked the petitioner's community correction sentence. In response, the petitioner filed a *pro se* petition for post-conviction relief on June 28, 2008,

challenging the effectiveness of his trial counsel and the voluntariness of his plea. A hearing was held on May 28, 2009, in the Shelby County Criminal Court.

During the post-conviction hearing, the petitioner presented testimony in support of his claim that his counsel was unconstitutionally ineffective. The petitioner claimed that his counsel spent only a few minutes with him preparing for his arraignment on July 30, 2007. After that meeting, the petitioner claimed that counsel did not visit him, although he acknowledged that his counsel did provide him with discovery materials. The petitioner testified that his intended defense against the charges was that he did not actually sell any drugs; he only facilitated the drug sales by going to get the drugs, which were to be sold by another person. However, the petitioner did acknowledge that he took money for drugs on the twelve different occasions alleged. The petitioner also acknowledged that there was videotape evidence of his conducting the drug transactions at issue and that his counsel told him about this evidence. He recalled his counsel telling him during the guilty plea hearing that he had requested copies of the videotapes but had not received them. He testified that he reviewed the videotapes after he entered his plea and that several of the videotapes showed him using drugs.

At his post-conviction hearing, the petitioner testified that his counsel told him that he was facing up to seventy-two years in confinement if he proceeded to trial, but that counsel did not advise him of the ranges of punishment or explain that the bottom sentence of his range was three years. Instead, the petitioner testified that counsel explained to him the nature of a community correction sentence and told him that he could either plead guilty in exchange for twenty years community correction and "go home today" or continue to trial and face seventy-two years of incarceration.

The petitioner testified that, after choosing the former option, he violated his community correction sentence by missing or arriving late to meetings with his probation officer. Thereafter, on cross-examination, he testified that he thought the plea deal was a good one at the time and that he would take it again today if it allowed him to avoid incarceration.

The petitioner's former trial counsel also took the stand and explained that, at the time of his appointment, the petitioner was charged in twelve separate indictments that each contained three charges relating to the sale of less than .5 grams of cocaine. He explained that he made copies of the petitioner's file and promptly provided the petitioner with a set of discovery materials. He testified that although he requested videotapes of the drug transactions from the prosecution, he had not received them by the time of the plea bargain hearing. He claimed that the petitioner was adamant about entering a plea as soon as possible so he could get out of jail even though counsel told the petitioner they should wait until after

they reviewed the videotapes. Trial counsel further explained that the petitioner told him that he had committed the offenses in question and that he knew what was on the tapes. At the time the petitioner entered his plea, counsel testified that he was still in the preliminary stages of investigating the case and that he would have filed more motions as the case got closer to trial.

Following the hearing, the post-conviction court took the matter under advisement and issued a ruling on July 22, 2009. The post-conviction court denied relief on all claims, finding, with respect to the ineffective assistance of counsel allegations, that the petitioner failed to show that his trial counsel's performance fell below the legally-required objective standard of reasonableness. After consideration of the numerous indications given to the trial court by the petitioner that he understood and agreed to the terms of his plea agreement, the post-conviction court further found that the petitioner's guilty plea was knowing and voluntary. This appeal followed.

Analysis

The petitioner raises three issues on appeal: (1) the post conviction court erred in holding that his guilty plea was knowing and voluntary, (2) the post conviction court erred in holding that the petitioner's trial counsel was not constitutionally ineffective, and (3) the trial court abused its discretion by accepting a guilty plea that included consecutive sentencing without making certain findings in the record for its basis. After reviewing the parties' arguments and applicable precedent, we affirm the judgement of the post-conviction court with respect to all three claims.

First, the petitioner argues that he did not knowingly and voluntarily enter a guilty plea. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard has also been applied to the right to counsel under Article I, section 9 of the Tennessee Constitution. *State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that (1) counsel performed deficiently, and (2) but for his counsel's errors, the petitioner would not have pled guilty but, instead, would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In reviewing counsel's performance, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see Nichols v. State*,

90 S.W.3d 576, 587 (Tenn. 2002). The petitioner bears the burden of proving, by clear and convincing evidence, the factual allegations that would entitle petitioner to relief. T.C.A. § 40-30-210(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001).

The petitioner claims that he was provided with ineffective assistance of counsel on three basic grounds: 1) Trial counsel did not obtain videotapes of the drug transactions; 2) Counsel failed to inquire and fully research a photographic lineup in which he was identified; and 3) Counsel failed to fully investigate the petitioner's drug addiction as a basis for fighting the charges.

With respect to the drug transaction videotapes, the post-conviction court accredited the testimony of the petitioner's trial counsel that he did not file a formal motion for the production of the videotapes because the petitioner told him he was aware of what was on the tapes and was adamant about entering the guilty plea and getting out of jail as soon as possible. The transcript of the guilty plea hearing reflects that counsel told the court that he had not received the videotapes from the State but had discussed the matter with the petitioner, who was not concerned with the absence of the tapes. During the post-conviction hearing, the petitioner testified that he heard counsel make this statement at the guilty plea hearing and did not object. The petitioner's counsel testified that, at the time the plea was entered, they were in the preliminary stages of investigating the case and that, even at that early stage, he had already made at least three requests for the videotapes and would have filed additional motions had they proceeded to trial.

The post-conviction court accredited the testimony of trial counsel that the decision to proceed with the plea in advance of viewing the videotapes was made by the petitioner, who was anxious to be released from confinement. Our review of the record supports this finding of the post-conviction court. The petitioner has failed to demonstrate that his trial counsel was deficient in his performance with respect to this issue and is not entitled to relief.

Next, the petitioner contends that counsel was ineffective in failing to inquire into a photographic lineup that was used to identify him. However, the petitioner's trial counsel testified that he did not need to file any motions challenging the lineup because the petitioner made the decision early on that they were not going to trial. He testified that had they been going to trial, he would have filed a motion to suppress the lineups as being overly suggestive because the petitioner was the only African-American depicted. The petitioner's counsel also noted that if the petitioner could be identified from videotapes of the drug transactions, the photographic lineups would not have been particularly important to the case. Reviewing this testimony and the record as a whole, we agree that trial counsel's failure to file a motion to

suppress at this early stage of the litigation was consistent with sound trial strategy and did not fall below an objective standard of reasonableness. Consequently, the petitioner is not entitled to relief.

Finally, the petitioner claims that counsel was ineffective for failing to fully investigate the issue of his drug addiction. However, trial counsel testified that he checked the petitioner's records at the time and did not find any indication of chemical dependency. Since there was no indication that the petitioner had any history of drug addiction, trial counsel was not remiss in failing to raise the issue. The post-conviction court properly determined that the petitioner failed to show that counsel was ineffective.

The petitioner also argues that his guilty plea was not knowing and voluntary because he did not understand the consecutive and concurrent sentences envisioned by his plea agreement and was not informed that the lowest possible sentence he might receive after trial was only three years. We disagree. To determine if a plea is knowing, voluntary, and understanding, a court looks at the totality of the circumstances, including the following factors as stated in *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The relative intelligence of the petitioner, the degree of his familiarity with criminal proceedings, the opportunity to confer with competent counsel regarding plea options, the extent of advice from counsel and the trial court regarding the charges faced, and the desire to avoid a greater punishment resulting from a jury trial are all relevant factors a trial court can use to find a "knowing" and "intelligent" plea. *Blankenship*, 858 S.W.2d at 904 (*citing Caudill v. Jago*, 747 F.2d 1046, 1052 (6th Cir. 1984)).

The Tennessee Supreme Court established the guidelines for establishing the voluntariness of guilty pleas in *State v. Neal*, 810 S.W.2d 131, 137 (Tenn. 1991). Therein, the Court held that "absolutely literal compliance with the advice to be given is not required." *Id.* at 137. "Substantial compliance" would suffice as long as the "sense of the substance of the required advice . . . is [expressed to an accused prior to a plea of guilty]." *Id.*

The record reflects that the petitioner knowingly and voluntarily entered his guilty pleas. The transcript of the guilty plea hearing contains an acknowledgment by the petitioner that he understood his rights and the terms of the plea agreement. He stated that he had previously entered a guilty plea and had knowledge of the process. The petitioner signed the plea agreements and a community correction sentencing order, which both explained that he would serve a twenty-year community correction sentence. The post-conviction court accredited counsel's testimony that he informed the petitioner of the terms of the agreement.

The petitioner also testified that counsel explained community correction to him, explained his sentence to him, and explained that he was facing seventy-two years if he

declined the plea offer. The petitioner testified during the post-conviction hearing that he knew that the seventy-two years meant six years on each of the twelve charges. The petitioner also said he was insistent on getting out of jail and acknowledged that he would accept a similar deal again if it meant avoiding incarceration. In sum, the record fully supports the finding of the post-conviction court that the petitioner knowingly and voluntarily enter his guilty pleas.

Finally, the petitioner argues that the trial court abused its discretion by imposing consecutive sentences without making the factual findings necessary to support them. However, when the consecutive sentences at issue have been specifically agreed to and are imposed as a result of a plea bargain, it is not necessary for the trial judge to make any such findings. By virtue of his plea, the petitioner waives his right to any such findings, along with his right to make numerous other challenges to his consecutive sentences. As a legal matter, this case is indistinguishable from one in which the petitioner agrees to be sentenced pursuant to a plea bargain as a particular type of offender. For example, if a petitioner agrees to be sentenced as a Range II offender for committing second degree murder, he cannot later challenge his sentence on the grounds that the facts would not support this particular classification. *See State* v. *Mahler*, 735 S.W.2d 226 (Tenn. 1987). Instead, "[a]ny irregularity as to classification or release eligibility [is] waived by [a] plea of guilty knowingly and voluntarily entered." *Id.* at 228. So too is any argument regarding irregularity with respect to a petitioner's sentencing to consecutive terms.

Of course, we reiterate the longstanding principle that, notwithstanding any plea bargain, if courts should "impose sentences higher or lower than the statutorily authorized punishment, the sentences [are] to be vacated or corrected." *McConnell* v. *State*, 12 S.W.3d 795, 798 (Tenn. 2000). However, in the case before us, the four-year sentence, imposed with respect to each of the twelve convictions, was within the statutory range for the offenses in question. Petitioner cites to no authority nor could we find any that would support the proposition that his consecutive sentencing was non-jurisdictional and not valid when imposed pursuant to a knowing and voluntary plea agreement.

In summary, the petitioner was facing a total of seventy-two years incarceration on his charges and, instead, received twenty years of community correction. To all appearances, this was a good plea deal that anyone in a similar situation might well have accepted. He now finds himself incarcerated because he did not comply with the provisions of his community correction sentence not because his counsel was ineffective. Therefore, he is not entitled to relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgement from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE