IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## DONNELL BOOKER v. HOWARD CARLTON, WARDEN and the STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4507     Robert E. Cupp, Judge**

---

**No. E2005-00231-CCA-R3-HC - Filed August 1, 2005**

---

The petitioner, Donnell Booker, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish that he is entitled to habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Donnell V. Booker, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

The record reflects that the petitioner was indicted for aggravated robbery, aggravated burglary, especially aggravated kidnapping, aggravated assault and reckless endangerment.  On February 6, 1997, the petitioner pleaded guilty and was convicted of aggravated robbery.  Pursuant to his plea agreement, he received a Range II sentence of 15 years, and the remaining charges were dismissed.  No direct appeal was taken.  On November 4, 2004, the petitioner filed a pro se petition for writ of habeas corpus.  He alleged that the trial court imposed a sentence beyond that for which he was eligible and that his guilty plea was not knowingly and intelligently entered.  Within these claims, the petitioner further argued that the state gave no notice of its intent to seek an enhanced punishment and that he received ineffective assistance of counsel.  The trial court found that the petitioner's claim of a void sentencing judgment was without merit and that his remaining claims were not cognizable in a habeas corpus proceeding and dismissed the petition. The petitioner timely appealed.

The petitioner first claims that the trial court was without jurisdiction to accept his plea agreement and allow him to plead to a Range II sentence because he lacked the requisite prior convictions to support sentencing him as a Range II, multiple offender. The petitioner's February 6, 1997, guilty plea petition, initialed by the petitioner and signed by his attorney, requested that the petitioner's plea be accepted as follows:

> plead to ct 1 - Agg. Robbery
> plead out of range to 15 years at 35%
> Dismiss all other counts
> To be given all jail credit.

The judgment reflects that the petitioner was sentenced consistent with the terms of his plea agreement. In rejecting the petitioner's claim of a void judgment, the trial court observed:

> Here, the Petitioner plead guilty to Aggravated Robbery, a class B felony, as a Range II offender. The punishment for this offense, as a Range II offender, is not less than twelve (12) nor more than twenty (20) years. See T.C.A. 40-35-112. The petitioner's sentence of fifteen years falls within the statutory limits of a class B felony, as a Range II offense. It is quite obvious from looking at the record that Petitioner opted to plead guilty to Aggravated Robbery, and be sentenced as a Range II offender in exchange for the dismissal of four other felony counts.

As the trial court further correctly noted, the Tennessee Supreme Court has rejected similar sentencing challenges where the sentence imposed was, as in the case sub judice, within the statutory limits established for the conviction offense, holding that a defendant can waive the range classification as part of a negotiated guilty plea. Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997); State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987).

As to the petitioner's remaining claims of an involuntary guilty plea, ineffective assistance of counsel, and the states's failure to provide notice of its intent to seek an enhanced sentence, the trial court correctly determined that they are not cognizable claims for habeas corpus relief. These claims, even if proven, would render the judgment merely voidable rather than void and are thus properly the subject of a petition for post-conviction relief. However, construing the petition as one for post-conviction relief in the present case was not an option because the applicable statute of limitations long ago expired. See Tenn. Code Ann. § 40-30-102. For each of these reasons, the trial court properly dismissed the petition. Finally, the court observes that in his appellate brief, the petitioner also argues that Tennessee Code Annotated Section 29-21-101, et seq., is unconstitutional because it limits the nature of claims which will support issuance of the writ of habeas corpus. We observe that this issue has been waived because the petitioner failed to present it in his habeas corpus petition and may not raise it for the first time on appeal.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

NORMA MCGEE OGLE, JUDGE