IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 23, 2001

## STATE OF TENNESSEE v. ERNEST EUGENE THOMAS, alias: VICTOR KNABLE

**Direct Appeal from the Criminal Court for Knox County**
**No. 70215     Ray L. Jenkins, Judge**

---

**No. E2000-02613-CCA-R3-CD**
**August 3, 2001**

---

In 1997, pursuant to a negotiated plea agreement, the Defendant pled guilty to possession of more than seventy pounds of marijuana with the intent to sell, a Class B felony, and received a twelve-year sentence as a Range II multiple offender, to be served in the Tennessee Department of Correction. On March 3, 2000, the Defendant filed a motion to correct an illegal sentence, alleging that he should have been sentenced as a Range I standard offender rather than a Range II multiple offender because two prior Pennsylvania convictions that were the basis for his Range II sentencing were misdemeanors rather than felonies. Following a hearing on the Defendant's motion, the trial court dismissed the motion, finding that "the Defendant may plead outside the range" and that the Defendant had sufficient qualifying felonies. Finding no error by the trial court, we affirm the judgment of the trial court dismissing the Defendant's motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Ernest Eugene Thomas, alias, Victor Knable.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leon Franks, Assistant District Attorney General; for the appellee, State of Tennessee.

### OPINION

On July 30, 1997, the Defendant entered a "best interest" guilty plea to one count of possessing more than seventy pounds of marijuana with intent to sell, a Class B felony. Pursuant to the negotiated plea agreement, the Defendant was sentenced to twelve years as a Range II multiple offender, which is the minimum Range II sentence for a Class B felony. Tenn. Code Ann. § 40-35-

112(b)(2). The transcript of the plea proceedings indicates that the Defendant fully understood every aspect of his plea and that he was competently represented by counsel when the plea was entered.

On March 3, 2000, the Defendant filed a pro se "MOTION TO CORRECT ILLEGAL SENTENCE," in which he alleged that "the [Defendant] was informed by his attorney that the [Defendant] had sufficient prior felonies to make him a Range II offender based upon convictions in Pennsylvania. However, those convictions were misdemeanors." The trial court appointed counsel for the Defendant, the State responded to the Defendant's motion with a motion to dismiss the Defendant's motion, and the entire matter was heard by the trial court and taken under advisement on September 28, 2000. On October 3, 2000, the trial court entered an order that stated as follows:

> [Defendant] has filed a Petition complaining of the imposition of an illegal sentence on July 30, 1997. This is not a Post Conviction Petition because of its terms. If considered as such it is time barred pursuant to Tennessee Code Annotated 40-30-202. If considered under Rule 35, it is also time barred.
> If considered as a Petition for Habeas Corpus, it does not conform to Tennessee Code Annotated 29-21-101, et. seq., and if that is ignored, the [D]efendant may plead outside the range, State v. Mahler, 735 S.W2d 226. If that is ignored, the [Defendant] had sufficient qualifying felonies.
> The Petition is DISMISSED.

From said order, the Defendant has appealed to this Court.

## ANALYSIS

Initially, we note that Rule 3(b) of the Tennessee Rules of Appellate Procedure does not permit a direct appeal of a trial court's dismissal of a motion to correct an illegal sentence. Although the Defendant failed to proceed by means of a petition for habeas corpus relief, the denial of which could be directly appealed to this Court, we do not believe that the Defendant's failure to seek habeas corpus relief would necessarily deprive him of appellate review.

It is well settled that a trial court may correct an illegal sentence at any time. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). A defendant may pursue appellate review from the denial of a motion to correct an illegal sentence through the common law writ of certiorari. State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD, 2000 WL 150012, at *3 (Tenn. Crim. App., Nashville, Oct. 13, 2000). The common law writ of certiorari is now codified: "The writ of certiorari may be granted . . . in all cases where an inferior tribunal . . . has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." Tenn. Code Ann. § 27-8-101.

In this case, we believe that it is in the interest of justice and judicial economy to consider this appeal as a petition for writ of certiorari and to deal with the petition on its merits. That having been said, we have concluded that the petition is without merit.

The record does not contain a transcript of the hearing of the Defendant's motion by the trial court on September 28, 2000. It is the Defendant's duty to prepare an adequate record in order to allow meaningful review on appeal. Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). In the absence of an adequate record, this Court must presume that the trial court's ruling was supported by the evidence. State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991).

The trial court correctly held that "the Defendant may plead outside the range." A sentence is not illegal when the Defendant expressly agrees to a particular offender classification and when the sentence imposed is clearly within the statutory limits fixed for the offense of conviction. See State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987); McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). Thus, a defendant can agree as part of a plea agreement to be sentenced as a Range II offender, although meeting the criteria for Range I, if the sentence imposed is within statutory limits fixed for the offense. For the Class B felony to which he pled, the Defendant was sentenced to the maximum number of years for a Range I offender and the minimum number of years for a Range II offender. See Tenn. Code Ann. § 40-35-112(a)(2), (b)(2).

We also note, as argued by the State in its brief, that the appellate record in this case does not contain a copy of the judgment being challenged, the written plea agreement, or any evidence regarding the Defendant's complete criminal history. The trial court determined that the Defendant had "sufficient qualifying felonies." We will not disturb that finding.

Accordingly, we AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE