# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 21, 2002

## STATE OF TENNESSEE v. DAVID SALTZ

### Direct Appeal from the Criminal Court for Sullivan County
#### No. S44,304    Phyllis H. Miller, Judge

### No. E2001-02422-CCA-R3-CD
#### September 3, 2002

The defendant pled guilty to three counts of incest and was sentenced as a Range II multiple offender to three concurrent terms of eight years. The defendant appeals the trial court's imposition of various enhancement factors and denial of alternative sentencing. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Stephen M. Wallace, District Public Defender (at trial); Leslie S. Hale, Assistant District Public Defender (at trial); and Steve McEwen, Mountain City, Tennessee (on appeal), for the appellant, David Saltz.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; Teresa Murray-Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Sullivan County Grand Jury indicted the defendant, David Saltz, on three counts of rape, Class B felonies, and three counts of incest, Class C felonies. Pursuant to a plea agreement, the defendant pled guilty to the incest charges, and the rape charges were dismissed. The defendant agreed to be sentenced as a Range II multiple offender even though he was actually a Range I offender.[1] A sentencing hearing was held, and the defendant was sentenced to three concurrent eight-year terms in the Tennessee Department of Correction. His request for

---

[1] State v. Mahler, 735 S.W.2d 226 (Tenn. 1987) (defendant can knowingly and voluntarily plea to sentence within the statutory range as Range II offender, even though not technically qualified above Range I status).

alternative sentencing was denied. This appeal timely followed. The defendant asserts that the trial court erred in denying his request for alternative sentencing.

## Facts

The defendant, David Saltz, pled guilty to incest, admitting that he had sexual intercourse with his fifteen- year-old stepdaughter on three occasions. The defendant's wife, the mother of the victim, was charged with facilitation of felony rape and failure to report child sexual abuse for a period of three years. Mrs. Saltz pled guilty and was granted judicial diversion. The trial judge sentenced the defendant as a Range II multiple offender to three concurrent eight-year terms. A probation hearing was held to determine the manner of service of the sentence. The evidence before the trial court included a presentence report prepared by the Tennessee Department of Correction and a sex offender risk assessment report prepared by Counseling and Consultation Services, Inc. (CCS).

The presentence report lists one prior felony (grand larceny) and several misdemeanors, including possession of marijuana, unlawful possession of drug paraphernalia, theft, and driving under the influence. Numerous probation violations for prior offenses are also contained in the report. The report reveals that the defendant has been in drug treatment programs on previous occasions. The defendant is currently employed at a temporary employment agency.

The risk assessment of this defendant found that he is a moderate risk to re-offend and a fair candidate for sex offender treatment. The assessment concluded that the defendant is an appropriate candidate for a community based out-patient treatment program. However, CCS found that the defendant's level of risk may be difficult to manage through probation. According to CCS, the defendant's sexual response to minors is considered deviant. The defendant acknowledged sexual contact with five other minor girls.

CCS concluded that the defendant: (1) used his position of authority to gain access to the minor, (2) used intimidation and coercion to commit the offenses, and (3) demonstrated no regard for the pain he was inflicting on his daughter. The assessment stated that an offender's "willingness or ability to honestly discuss their sexual offending behavior is the single most important factor associated with successful treatment." The defendant initially only admitted sexual contact with two other minors. He only admitted contact with three additional minors after a polygraph test. CCS found that the defendant's "understanding of the harm he has caused was superficial."

The assessment also indicated that the defendant admitted having sexual encounters with several prostitutes. He stated that he had sexual encounters with his brother's wife, and he and his wife had two previous sexual encounters with his brother's wife.

The defendant testified that he became sexually active at a very young age. He testified that his two older brothers had initiated oral sex with him when he was a child. Additionally, he testified that older boys in the neighborhood forced him to have intercourse with them when he was thirteen years old. The defendant testified that he knew what he did with his stepdaughter

was wrong, but he thought that she wanted to have sex with him. He stated that he wanted counseling for his problems. He testified that he had recently failed a drug test, and he was currently on probation for possession of marijuana. The defendant stated that he had not successfully stopped using drugs.

Eugene Worley, the defendant's landlord, testified as a character witness for the defendant. He testified that he had known the defendant all of his life and that he did not think the defendant was a danger to the community. Upon cross-examination, Worley indicated that he was not fully aware of the charges against the defendant, and he did not read the probation report.

The court found five enhancement factors and no mitigating factors. The court found that the defendant (1) has a history of criminal convictions and criminal behavior, (2) was a leader in the commission of an offense, (3) committed the offense to gratify his desire, (4) has a history of noncompliance with probation, and (5) violated a position of trust. Tenn. Code Ann. § § 40-35-114(1), (2), (7), (8), and (15).

## Analysis

The defendant argues that the trial court erred in sentencing him to incarceration and denying him any form of alternative sentence. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness, and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

In conducting a *de novo* review of a sentence, this Court must consider (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

### Enhancement Factors

Although the defendant does not expressly challenge the resulting length of his sentence, he asserts that the trial court misapplied two enhancement factors. Specifically, the defendant contends that the trial court erroneously applied enhancement factors (1), the defendant has a history of criminal convictions in addition to those necessary to establish the appropriate range, and (2), the defendant was a leader in the commission of an offense involving two or more actors. Tenn. Code Ann. § 40-35-114 (1), (2). He first contends that the application

of enhancement factor (1), Tennessee Code Annotated section 40-35-114, was inappropriate because his "criminal record consists mainly of misdemeanors involving marijuana possession." We disagree. In addition to the misdemeanor convictions for marijuana possession, a review of the defendant's criminal record reveals that the defendant has two convictions for driving under the influence of an intoxicant, one conviction for theft, and one conviction for grand larceny. The trial court's application of this factor was appropriate.

Next, the defendant alleges that the trial court incorrectly applied enhancement factor (2), Tennessee Code Annotated section 40-35-114, to enhance the defendant's sentence. We disagree. The trial court found

> [The defendant's wife] was involved in it with [the defendant]. The two of you worked together. It would not surprise me if she wasn't deriving some sort of sexual pleasure out of this, too, considering what you said in your statement at [CCS]. But anyway, she was assisting you in this . . .

Moreover, the record reflects that the defendant's wife, who is also the victim's mother, pled guilty to facilitation of rape and failure to report child abuse for three years. Although the record before us does not contain her plea agreement, the presentence report, which is included in the record and referenced by the trial court, notes that the victim's mother "encouraged the victim to have sex with the defendant." Also in the record are references to tape recorded conversations between the mother and the victim during which the mother tells the daughter to be quiet about the offenses and uses the two-year old sister as a reason to cooperate.

We conclude that the record supports the trial court's application of enhancement factor (2). It clear from the mother's guilty plea to facilitation of rape that she was a participant in the defendant's offense. Furthermore, while his wife encouraged the victim to have intercourse with the defendant and urged her not to report the abuse, the defendant was the person who actually engaged in sexual intercourse with the victim. Accordingly, the trial court could conclude that the defendant was a leader in the commission of the offense. This issue is without merit.

<u>Denial of Alternative Sentence</u>

Turning to the defendant's argument that the trial court erred in denying an alternative sentence, we recognize that trial judges are encouraged to use alternatives to incarceration under the Criminal Sentencing Reform Act of 1989. Moreover, an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). Because the instant defendant is a Range II multiple offender, he is not entitled to the statutory presumption in favor of an alternate sentence. However, due to the length of his sentence, the defendant is statutorily eligible for probation. A defendant is eligible for probation if the actual sentence imposed upon the defendant is eight years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. Tenn. Code Ann. § 40-35-303(a). Probation is to be automatically considered as a sentence alternative for eligible defendants; however, the burden of proving suitability for probation rests with the defendant. <u>Id.</u>

§ 40-35-303(b). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App.1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App.1995). Additionally, a court should consider the defendant's potential, or lack of potential, for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

In the instant case, the trial court found that, due to the defendants long history of criminal conduct, confinement was necessary to protect society and to avoid depreciating the seriousness of the offense. Tenn. Code Ann. § 40-35-103(1) (A)-(C). In concluding that the defendant had not established his suitability for probation, the trial court relied on the defendant's lengthy criminal history, including numerous failed attempts at probation, the findings contained in the sex offender risk assessment, and the circumstances of the offense. The record supports the trial court's conclusions. The defendant did not carry his burden of proving that he should receive probation, and the trial court did not err or abuse his discretion in denying the defendant's request. This issue is without merit.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE