IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville January 24, 2006

## JEREMY D. SHIVERS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-A-323      Steve Dozier, Judge**

---

### No. M2005-01406-CCA-R3-PC - Filed February 7, 2006

---

The petitioner, Jeremy D. Shivers, appeals the denial of his petition for post-conviction relief. In this appeal, he asserts that his trial counsel was ineffective and that, as a result of counsel's deficient performance, his guilty pleas were not knowingly and voluntarily entered. The judgment of the post-conviction court is affirmed

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Dominic Leonardo, Nashville, Tennessee, for the appellant, Jeremy D. Shivers.

Paul G. Summers, Attorney General & Reporter; Jane L. Beebe, Assistant Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

On July 1, 2004, the petitioner, who was originally charged with especially aggravated kidnapping, aggravated assault, domestic assault, unlawful possession of a weapon, manufacture of marijuana, possession of less than ten pounds of marijuana with intent to sell or deliver, and possession of drug paraphernalia, entered pleas of guilty to one count of kidnapping, one count of aggravated assault, and one count of unlawful possession of a weapon. Pursuant to a plea agreement, the trial court imposed a Range I, effective sentence of ten years in the Department of Correction. In February of 2005, the petitioner filed a petition for post-conviction relief alleging that he was denied the effective assistance of counsel and that his guilty pleas were not knowingly and voluntarily entered. The post-conviction court appointed counsel and an amended petition was filed.

At the evidentiary hearing, the petitioner claimed that his trial counsel refused to provide him with discovery materials, materials he eventually received from another attorney. The petitioner also asserted that his trial counsel refused to file a motion to dismiss and failed to honor his request for

a mental evaluation. The petitioner insisted that he repeatedly informed trial counsel that he was not guilty of the charged offenses and that he wished to proceed to trial. It was his recollection that trial counsel informed him prior to the plea that if he were convicted at trial of more than one of the charged offenses, he might receive consecutive sentencing. The petitioner also contended that his sentence violated the requirements of Blakely v. Washington, 542 U.S. 296 (2004), because it was "out of range." Finally, the petitioner asserted that he felt he had been "tricked" into entering his guilty pleas and that he did so only because it was his understanding that he would "max out on everything else and . . . be consecutively sentenced."

Trial counsel, called as a witness for the state, testified that she began her representation of the petitioner prior to the preliminary hearing and that she met with him at least five times prior to the entry of the guilty pleas. She also recalled having communicated with the petitioner's mother via e-mail. According to trial counsel, she informed the petitioner of the sentence ranges for each offense. She confirmed that she had advised him of the potential for consecutive sentencing. It was her opinion that the petitioner would not likely be convicted on the especially aggravated kidnapping charge because the state's case was not "particularly strong." Trial counsel recalled that she discussed with the petitioner the strengths and weaknesses of each count.

Trial counsel explained that she did not file a motion to dismiss because she believed there was no basis for the claim. Although trial counsel conceded that there were some inconsistencies between the victim's testimony at a bond hearing and at the preliminary hearing, it was her opinion that the discrepancies did not support a motion to dismiss. She acknowledged that the petitioner received discovery materials "late in the game," and yet contended that he was fully aware of the contents because they had previously discussed them on several occasions. Trial counsel explained that she did not seek a mental evaluation for the petitioner because the petitioner appeared to be mentally competent.

In an extensive written order, the post-conviction court denied relief. The court specifically accredited the testimony of trial counsel that although the petitioner did not receive discovery material in a timely manner, he had been informed of all issues with regard to discovery and was aware of everything in the materials he ultimately received. In addition, the post-conviction court accredited the testimony of trial counsel that she had informed the petitioner of the possible sentences for each charge and of the potential for consecutive sentencing. The court concluded that the petitioner's testimony was not credible in that regard and that trial counsel had not misled him as to the potential sentence. The post-conviction court determined that a motion to dismiss would have been frivolous and that a psychological evaluation of the petitioner was not warranted. As to the petitioner's claim that he would not have pled "out of range" had his trial counsel informed him of the decision in Blakely v. Washington, the post-conviction court concluded that "the petitioner entered into a knowing and voluntary agreement by weighing his options and deciding to take the plea as opposed to risking considerable more exposure at trial." Finally, the post-conviction court determined that the petitioner had failed to establish that he had been prejudiced by any perceived deficiency of trial counsel and complimented trial counsel for negotiating a plea agreement "well below the potential sentence [the petitioner] was facing in the event of a conviction at trial."

In this appeal, the petitioner asserts that his trial counsel was ineffective and that, as a result of his counsel's deficient performance, his guilty pleas were not knowingly and voluntarily entered. He specifically contends that his trial counsel was ineffective by failing to supply him with a copy of discovery materials in a timely fashion, by failing to file a motion to dismiss, by failing to seek a psychological evaluation, by failing to inform him of the implications of Blakely, and by misleading him as to his sentencing exposure.

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). The error must be so serious as to render an unreliable result. Id. at 687. Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

The petitioner first asserts that his trial counsel was ineffective by failing to supply him with a copy of the discovery materials until three days prior to the entry of the plea. Trial counsel testified that she and the petitioner had discussed the contents on many occasions prior to the delivery of the materials. She insisted that there was nothing in the discovery that she had not discussed with the petitioner. The post-conviction court specifically accredited the testimony of trial counsel. In our view, the petitioner has failed to establish that the evidence preponderates against those findings.

The petitioner also contends that his trial counsel was ineffective by failing to seek a dismissal of the charges prior to trial. At the evidentiary hearing, the petitioner testified that he asked trial counsel to file a motion to dismiss based upon the conflicting testimony provided by the victim at the bond hearing and at the preliminary hearing. Trial counsel testified that she did not file a motion to dismiss because it was her opinion that such a motion would be frivolous. She acknowledged that there were some inconsistencies in the testimony but it was her opinion that the proper course was to expose that weakness in the state's case during the cross-examination of the victim at trial. The post-conviction court agreed with that assessment, concluding that "this prior testimony would have been used for impeaching the victim, but not as a basis for a motion to dismiss." Under these circumstances, it is our view that the petitioner has failed to establish that trial counsel's performance was deficient in this regard.

Next, the petitioner asserts that his trial counsel was ineffective by failing to seek a psychological evaluation prior to trial. Other than the petitioner's bare assertion that he had previously suffered from "mental health problems," the petitioner offered no proof at the evidentiary hearing to support his claim that trial counsel should have sought a psychological examination. The post-conviction court accredited trial counsel's testimony that the petitioner had not displayed any behavior that would have indicated that an evaluation was warranted. In our view, the petitioner has failed to meet his burden of proof.

The petitioner also contends that his trial counsel was ineffective because he was denied a trial date. Because the record establishes that the petitioner was, in fact, given a trial date, he is not entitled to relief on this issue.

The petitioner next contends that his trial counsel misled him as to his sentencing exposure. At the evidentiary hearing, the petitioner testified that his trial counsel had advised that if he went to trial, the trial court would impose the maximum sentence on each charge and likely order consecutive sentencing. He stated that trial counsel had predicted a sentence of twenty-two years in the event of conviction. When the post-conviction court pointed out that a conviction for

especially aggravated kidnapping alone carried a potential sentence of twenty-five years, the petitioner explained that his calculation of a twenty-two year sentence was based upon his "understanding that I could beat the . . . kidnapping charge at trial; there was no question about that." Trial counsel testified that she discussed potential sentencing with both the petitioner and his mother on more than one occasion. The post-conviction court accredited that testimony and specifically found that the petitioner's claims were not credible. Under these circumstances, it is our view that the petitioner is not entitled to relief on this ground.

Finally, the petitioner asserts that if he had been informed of the ruling in Blakely v. Washington, he would not have accepted a plea agreement that was "out of range." The petitioner did not testify how the Blakely ruling might have affected his decision making process. Further, the petitioner has failed to establish that the ruling in Blakely would preclude a plea agreement for a sentence outside the applicable sentencing range. See State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987) (approving of a plea agreement providing for a Range II sentence where defendant qualified as a Range I offender). The post-conviction court concluded that the petitioner entered into the plea agreement knowingly and voluntarily because it presented the best option available to him at the time. Recently, in State v. Gomez, 163 S.W.3d 632, 659 (Tenn. 2005), a majority of our supreme court held that "[u]nlike the statutes at issue in Blakely and Booker, a judicial finding of an enhancement factor in Tennessee does not affect the range of punishment to which a defendant is exposed." The majority concluded that the 1989 Sentencing Act did not violate constitutional protections. Under these circumstances, it is our view that the petitioner is not entitled to relief on this issue.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-5-