# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 12, 2014

## STATE OF TENNESSEE v. WILLIAM R. HOLT

**Appeal from the Circuit Court for Maury County**
**No. 20927   Robert L. Holloway, Jr., Judge**

---

**No. M2014-00654-CCA-R3-CD - Filed November 20, 2014**

---

The Defendant, William R. Holt, was convicted of second degree murder and aggravated robbery upon his "best interest" guilty pleas. *See* T.C.A. §§ 39-13-210 (2014), 39-13-402 (2014). As part of the plea agreement, he accepted a thirty-year sentence at 100% service for second degree murder and a concurrent twelve-year sentence at 100% service for aggravated robbery. Almost two years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct errors in the judgments relative to his offender classification. The trial court summarily dismissed the motion. On appeal, he contends that the trial court erred in dismissing his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

William R. Holt, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and T. Michel Bottoms, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The judgments reflect that the Defendant was originally charged with first degree murder and especially aggravated robbery. On March 23, 2012, the Defendant entered best interest guilty pleas to second degree murder and to aggravated robbery. The Defendant was sentenced pursuant to the plea agreement to thirty years at 100% service for second degree murder and to twelve years at 100% service for aggravated robbery. In the special conditions portion of the second degree murder judgment, the trial court noted that the Defendant agreed

to an out-of-range sentence and that the "negotiated plea settlement [was] freely, knowingly, and voluntarily made and accepted by the Defendant" pursuant to *Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997). The Defendant did not appeal his convictions or sentences and did not file a petition for post-conviction relief.

On March 12, 2014, the Defendant filed a pro se motion for a corrected judgment pursuant to Tennessee Criminal Procedure Rule 36.1. He argued in his attached memorandum of law that "his 'sentence' is illegal where both counts should now be served at fifteen (15) year's [sic] punishment at . . . ("30%") thirty percent, as a Range-I Offender, having no prior convictions for purposes of enhancement." He further argued that in spite of his guilty pleas, the trial court failed to sentence him in compliance with the Sentencing Reform Act and that his sentences were illegal. On March 24, 2014, the trial court summarily dismissed the motion, finding in its written order that the judgments were correct pursuant to Tennessee Code Annotated section 40-35-501. This appeal followed.

The Defendant contends that the trial court erred by dismissing his motion to correct the judgments. He argues that 100% service of his sentences is more than allowed by law because it exceeds the 30% release eligibility date afforded to Range I, standard offenders. He further argues that the length of the sentences and the release eligibility dates were not terms for which he bargained during the plea negotiation process. The State responds that the trial court properly dismissed the Defendant's motion. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed . . . shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, . . . the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing. . . .

Tenn. R. Crim. P. 36.1(a), (b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

As a general principle, "'[s]entencing is jurisdictional and must be executed in compliance with the [applicable Sentencing] Act.'" *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (quoting *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000)). Our supreme court, however, has concluded that in the context of plea bargains, offender range classification and release eligibility are not jurisdictional. *Davis*, 313 S.W.3d at 760; s*ee Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007) (stating that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility"); *see also Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). As a result, an agreed upon

> "hybrid" sentence that "mixes and matches" range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain [is valid] so long as (1) the term of years is within the overall range of years specified for the offense . . . and (2) the [release eligibility date] is not less than the minium allowable for the offense.

*Davis*, 313 S.W.3d at 760. Specifically, our supreme court has concluded that pursuant to a negotiated plea agreement, a defendant may be sentenced according to a range classification that is greater than a classification based on a defendant's previous convictions. *See State v. Mahler*, 735 S.W.2d 226, 227-28 (Tenn. 1987). Therefore, "[a] plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." *Hoover*, 215 S.W.3d at 780.

The Defendant pleaded guilty to second degree murder, a Class A felony. The sentencing range for a Range I offender convicted of a Class A felony is fifteen to twenty-five years. T.C.A. § 40-35-112(a)(1) (2010). The overall sentencing range for a Class A felony is fifteen to sixty years. *Id.* § 40-35-112(a)(1), (c)(1) (2010). Furthermore, our statutes require 100% service of any sentence imposed for second degree murder. T.C.A. § 40-35-501(h)(2)(i)(1), (i)(2)(B) (2010). Therefore, we conclude that the Defendant's bargained for Range I, thirty-year sentence to be served at 100% is not illegal. *See Hoover*, 215 S.W.3d at 779-80 (upholding a Range I, thirty-five-year sentence for second degree murder). The Defendant is not entitled to relief on this basis.

Relative to the Defendant's aggravated robbery conviction, the sentencing range for a Class B felony as a Range I, standard offender is eight to twelve years. T.C.A. § 40-35-112(a)(2) (2010). The Defendant's sentence was clearly within the applicable sentencing range. Likewise, the 100% service as dictated by the terms of the plea agreement is not less than the minimum allowable for the offense and is not prohibited by our sentencing statutes. *See Davis*, 313 S.W.3d at 765 (concluding that a defendant's power to negotiate an

acceptable plea agreement includes the power to "forego entirely" a release eligibility date). The Defendant's twelve-year sentence to be served at 100% is not illegal, and he is not entitled to relief. The trial court properly dismissed the Defendant's motion for a corrected judgment.

The judgment of the trial court is affirmed.


_____
ROBERT H. MONTGOMERY, JR., JUDGE