IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 22, 2015

## STATE OF TENNESSEE v. ROBERT B. LEDFORD

**Appeal from the Criminal Court for Hamilton County**
**No. 235395      Don W. Poole, Judge**

_____

**No. E2014-01010-CCA-R3-CD - Filed February 23, 2015**

_____

The Appellant, Robert B. Ledford, appeals as of right from the Hamilton County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that the trial court erred in summarily denying his motion because the motion stated a colorable claim for relief. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Robert B. Ledford, Clinton Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; and Tracy L. Alcock, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 12, 2002, the Appellant entered best interest guilty pleas pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to second degree murder, aggravated robbery, theft of property valued at $10,000 or more, and especially aggravated kidnapping. See Tenn. Code Ann. §§ 39-13-202, -402, -305, -14-103. For the second degree murder conviction, the Appellant was sentenced as a Range II, multiple offender to forty years to be served at 100%. For the remaining convictions, the Appellant pled as a Range I, standard offender and received an effective sentence of twenty-five years, to be served concurrently to the second-degree murder sentence.

The Appellant filed a timely petition for post-conviction relief, alleging that he was

denied the effective assistance of counsel and that his guilty pleas were, therefore, not voluntarily and knowingly entered. Robert Ledford v. State, No. E2004-01744-CCA-R3-PC, 2005 WL 675204, at *1 (Tenn. Crim. App. Mar. 24, 2005), perm. app. denied (Tenn. Aug. 22, 2005). In particular, and as is pertinent to our current review, the Appellant alleged that counsel was ineffective for failing to request a mental evaluation. Id. The post-conviction court denied relief, and this court affirmed that decision on appeal, concluding that the Appellant had failed to establish a factual basis to support a mental evaluation. Id. at *2.

On May 28, 2010, the Appellant filed a petition for writ of error coram nobis, and this court affirmed the coram nobis court's summary denial after concluding that coram nobis relief was not available for a guilty-pleaded conviction. Robert B. Ledford v. State, No. E2010-01773-CCA-R3-PC, 2011 WL 1678069, at *1 (Tenn. Crim. App. May 4, 2011). The Appellant applied for permission to appeal that decision to the Tennessee Supreme Court, and on March 8, 2012, the supreme court granted the application "for the purpose of remanding the case to this court for reconsideration in light of . . . Wlodarz v. State, [361 S.W.3d 490 (2012)]." Robert B. Ledford v. State, No. E2012-00731-CCA-RM-PC, 2012 WL 1696613, at *1 (Tenn. Crim. App. May 15, 2012). On remand, this court again denied the Appellant relief, concluding that "the alleged 'newly discovered evidence' [did] not qualify as new within the meaning of the coram nobis statute." Id. at *2.

On April 22, 2014, the Appellant filed the instant Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. In his motion, the Appellant argued that (1) he was illegally sentenced to serve forty years at 100% as a Range II offender for the second degree murder conviction,[1] even though he did not have the requisite number of convictions to be classified as a Range II offender; and (2) because of "learning and comprehension disabilities" the Appellant did not understand that he was agreeing to an illegal sentence. On April 24, 2014, the trial court entered an order summarily denying the Appellant's motion.

The Appellant filed a timely notice of appeal. On appeal, the Appellant contends that the trial court erred in summarily denying his motion because the issues raised in the motion stated a colorable claim for relief pursuant to Rule 36.1. In particular, the Appellant presents two, closely-related issues for our review. First, the Appellant contends that his mental deficiencies rendered him unable to understand that he was agreeing to an "illegal" out-of-range sentence. Next, the Petitioner concedes that agreeing to an out-of-range sentence does not ordinarily render a sentence illegal but argues that he should not have been allowed to agree to an out-of-range sentence without first undergoing a mental evaluation. The State responds that the Appellant has failed to state a colorable claim for relief under Rule 36.1 and

_____

[1]The Appellant challenges only his sentence for second-degree murder. For the remaining convictions, the Appellant agrees that he was properly sentenced as a Range I, standard offender.

that the trial court did not err in summarily denying the motion.

We must first determine whether the Appellant received an illegal sentence. Rule 36.1 provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, <u>an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.</u>

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(Emphasis added).

A Rule 36.1 motion is a remedy separate and distinct from habeas corpus or post-conviction relief. <u>See</u> <u>State v. Jonathan T. Deal</u>, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). As such, a Rule 36.1 motion should only be summarily denied where the motion fails to state a colorable claim for relief. This court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief." <u>State v. David Morrow</u>, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (quoting Tenn. Sup. Ct. R. 28, § 2(H)) (brackets and alterations in original).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

<u>Davis v. State</u>, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted). The Appellant's challenge to the sentence for his second-degree murder does not fall under these examples.

Rather, the Appellant argues that his sentence is illegal because the sentencing court erred in classifying him as a Range II, multiple offender. Generally, a trial court's error "in offender classification" will not "render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." <u>Cantrell v. Easterling</u>, 346 S.W.3d 445, 458 (Tenn. 2011). This is because an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The only time an error in the classification of an offender would ever rise to the level of an illegal sentence would be if a trial court, somehow, classified a defendant in a category not available under the Sentencing Act. <u>Cantrell</u>, 346 S.W.3d at 458-59. Put another way, an offender classification would create an illegal sentence only if the trial court classified a defendant in a category for which it did "not have the authority <u>or the jurisdiction </u>to classify a defendant." <u>Id.</u> at 458 (emphasis added). Otherwise, "[c]orrection of an alleged error in offender classification must be sought on direct appeal." <u>Id.</u>; <u>see also</u> Tenn. Code Ann. § 40-35-108(d) (authorizing direct appellate review of a defendant's classification as a career offender).

Furthermore, our courts have long-recognized "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations" which "are properly characterized as <u>non-jurisdictional</u>." <u>McConnell v. State</u>, 12 S.W.3d 795, 798 (Tenn. 2000) (emphasis added); <u>see also</u> <u>State v. Mahler</u>, 735 S.W.2d 226, 227-28 (Tenn. 1987) (upholding the defendant's guilty plea as a Range II aggravated offender even though his prior criminal record did not justify a Range II classification).

In the present case, the record reflects that the Appellant was initially charged with first degree felony murder, but he eventually entered a best interest guilty plea to second degree murder. In exchange, the Appellant agreed to be sentenced out-of-range as a Range II, multiple offender even though his prior criminal record did not justify such a classification. The Appellant was sentenced to forty years, which is within the statutory range for a Class A felony conviction. <u>See</u> Tenn. Code Ann. § 40-35-112(b)(1). Therefore, the trial court acted within its jurisdiction when sentencing the Appellant, and the Appellant has not presented a colorable claim that his sentence is illegal.

The Appellant also argues that his sentence is illegal because, at the time he pled guilty, he was incompetent, did not receive a mental evaluation, and was therefore unable to agree to an out-of-range sentence. As we understand it, the Appellant's argument is,

essentially, that his mental deficiencies rendered his plea unknowing and involuntary. We first note that a challenge to the voluntary or knowing entry of a guilty plea is not within the purview of Tennessee Rule of Criminal Procedure 36.1. Rule 36.1 serves only as a means to correct a sentence that is not authorized by, or is imposed in contravention of, the applicable statutes. Furthermore, this court has previously determined that the Appellant's guilty pleas were knowing and voluntary and that the Appellant failed to provide a factual basis for his claim that he should have received a mental evaluation prior to the entry of his guilty pleas. Ledford, 2005 WL 675204, at *2. Accordingly, this issue is without merit.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE
