IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

STATE OF TENNESSEE v. LOUIS TYRONE ROBINSON

Appeal from the Circuit Court for Gibson County
No. 14677     J. Weber McCraw, Judge

_____

No. W2015-00245-CCA-R3-CD  -  Filed July 29, 2015
_____

Appellant, Louis Tyrone Robinson, appeals the Circuit Court of Gibson County's denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Louis Tyrone Robinson, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Brent C. Cherry, Senior Counsel, for the Appellee, State of Tennessee.

**OPINION**

In 1993, appellant pleaded guilty to second degree murder and was sentenced to forty years as a Range III, persistent offender at 45%.  Appellant since has submitted multiple petitions for writs of habeas corpus.  *See Louis T. Robinson v. Joe Easterling, Warden*, No. W2010-00465-CCA-R3-HC, 2010 WL 4226185, at *1 (Tenn. Crim. App. Oct. 22, 2010), *perm. app. denied* (Tenn. Mar. 9, 2011).

On June 17, 2014, appellant filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In his motion, appellant maintained that he was illegally sentenced as a Range III offender, even though he did not have the requisite number of convictions to be classified as a Range III offender. On October 1, 2014, appellant filed an amended motion. On January 20, 2015, the trial court entered an order denying appellant's motion. This appeal followed.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013–01088–CCA–R3–CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App. July 16, 2014).

2

Appellant contends that his sentence is illegal because the trial court erred in classifying him as a Range III, persistent offender. This court has recognized:

> Generally, a trial court's error "in offender classification" will not "render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." *Cantrell v. Easterling*, 346 S.W.3d 445, 458 (Tenn. 2011). This is because an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> The only time an error in the classification of an offender would ever rise to the level of an illegal sentence would be if a trial court, somehow, classified a defendant in a category not available under the Sentencing Act. *Cantrell*, 346 S.W.3d at 458-59. Put another way, an offender classification would create an illegal sentence only if the trial court classified a defendant in a category for which it did "not have the authority *or the jurisdiction* to classify a defendant." *Id.* at 458 (emphasis added). Otherwise, "[c]orrection of an alleged error in offender classification must be sought on direct appeal." *Id.*; *see also* Tenn. Code Ann. § 40-35-108(d) (authorizing direct appellate review of a defendant's classification as a career offender).

> Furthermore, our courts have long-recognized "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations" which "are properly characterized as non-jurisdictional." *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000) (emphasis added); *see also State v. Mahler*, 735 S.W.2d 226, 227-28 (Tenn. 1987) (upholding the defendant's guilty plea as a Range II aggravated offender even though his prior criminal record did not justify a Range II classification).

*State v. Robert B. Ledford*, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2-3 (Tenn. Crim. App. Feb. 23, 2015).

In the present case, appellant initially was charged with first degree murder but pleaded guilty to second degree murder. Appellant also agreed to be sentenced as a Range III, persistent offender. He was sentenced to forty years, which is within the statutory range for a Class A felony conviction. *See* Tenn. Code Ann. § 40-35-112(c)(1) (1993). Accordingly, the trial court acted within its jurisdiction when sentencing

3

appellant, and appellant has failed to present a colorable claims that his sentence is illegal.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE

4