IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2021

## STATE OF TENNESSEE v. TIMOTHY PRINK

**Appeal from the Criminal Court for Shelby County**
**Nos. 98-03377, 98-03378, 98-03379, 98-03380, 98-03381      Glenn Ivy Wright, Judge**

_____

### No. W2020-01271-CCA-R3-CD
_____

The Defendant, Timothy Prink, appeals the trial court's summary denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 in which he challenged his fifteen-year sentence resulting from his attempted first degree murder conviction and his four life sentences resulting from four first degree murder convictions.  After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Rosalind Elizabeth Brown, Memphis, Tennessee, for the appellant, Timothy Prink.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

According to the plea colloquy transcript attached to the Petitioner's pro se Rule 36.1 motion, in the early morning hours of October 2, 1997, the Defendant shot and killed his parents, Mrs. Barbara Prink and Mr. Lawrence Prink, his stepsister, Ms. Heidi McCarthy, and his grandmother, Ms. Dorothy Lynch, at his family's home with a shotgun.  Before leaving the home, he aimed the shotgun at Ms. Holly Prink and pulled the trigger, but the weapon failed to fire.  The Defendant left the home and was arrested

shortly thereafter. The Defendant was indicted for attempted first degree murder and four counts of first degree murder, and he pleaded guilty as charged on October 7, 1999. He agreed to serve a fifteen-year sentence for attempted first degree murder at 100% consecutive to four concurrent life sentences for his first degree murder convictions. The offender classification box on the judgment form for his attempted first degree murder conviction was marked "Violent 100%."

On February 12, 2019, the Defendant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He claimed that his classification as a violent offender rendered his fifteen-year sentence for attempted first degree murder illegal because the violent offender classification was not statutorily authorized. Relatedly, he argued that the remaining four life sentences for the first degree murder convictions should be vacated because his attempted first degree murder conviction was a material part of his plea agreement. He claimed that he received ineffective assistance of counsel and that his pleas were not knowing and voluntary as a result. Finally, he claimed that he should have been serving his life sentences before his fifteen-year sentence, but that he was serving his fifteen-year sentence first.

The Defendant attached his plea agreements, the judgment forms, and two information request forms he filed with the Tennessee Department of Correction ("TDOC") regarding his sentences. The plea agreement for his attempted first degree murder conviction reflects that he agreed to serve fifteen years as a violent offender. A field for release eligibility date was completed with writing reflecting "100%," and a section of the form containing the offender classifications of standard, especially mitigated offender, multiple offender, persistent offender, and career offender, was crossed out. He attached to his motion a letter dated July 10, 2000, from Ms. Candace Whisman, Manager of Sentence Computation Services with the TDOC. The letter informed the trial court that Ms. Whisman believed the Defendant was improperly classified as a violent offender because that classification was not statutorily authorized. The Defendant also attached a copy of the plea colloquy hearing transcript from October 7, 1999, during which the State announced that it was recommending a fifteen-year sentence as a Range I offender convicted of a "violent no parole" offense for the attempted first degree murder offense pursuant to the plea agreement. The Defendant testified at the hearing he understood the plea agreement and was pleading guilty voluntarily.

After response motions were filed, the trial court entered a written order on August 20, 2020, denying the Defendant relief. The court found that the Defendant's plea waived any irregularity regarding offender classification, that "a Rule 36.1 motion is not a proper procedural avenue" for a claim of ineffective assistance of counsel, and that the Defendant's sentences were not illegal. The Defendant appeals.

**ANALYSIS**

On appeal, the Defendant maintains that his sentences are illegal because he was improperly classified as a violent offender for his attempted first degree murder conviction and that he entered unknowing and involuntary pleas because he received ineffective assistance of counsel. The State responds that the Defendant failed to state a colorable claim for relief and that the trial court properly denied the Defendant's motion. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1(a)(1) provides that a defendant "may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Only fatal errors, which include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses," render a defendant's sentence illegal. *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 448-49 (Tenn. 2011); *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2011)).

"With or without a hearing, if the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement." Tenn. R. Crim. P. 36.1(c)(2). After determining that the illegal sentence was entered pursuant to a plea agreement, "the court shall determine whether the illegal aspect of the sentence was a material component of the plea agreement" according to the following rules:

(A) If the illegal aspect was not a material component of the plea agreement, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(B) If the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion.

(C) If the illegal aspect was a material component of the plea agreement and the illegal aspect was not to the defendant's benefit, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its findings that the illegal aspect was a material component of

the plea agreement and was not to the defendant's benefit, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

Tenn. R. Crim. P. 36.1(c)(3). The court shall enter an order denying the motion if it determines that the sentence is not illegal. Tenn. R. Crim. P. 36.1(c)(1). The court shall summarily dismiss a defendant's Rule 36.1 motion if the motion fails to state a colorable claim. Tenn. R. Crim. P. 36.1(b)(2). A "'colorable claim' means a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law reviewed de novo on appeal. *Id.* at 589. "[T]he definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *Id.* at 594-95.

The parties in the present case do not dispute that the Defendant's fifteen-year sentence for attempted first degree murder and his four life sentences were authorized under statute when he pleaded guilty. The Defendant was convicted of attempted first degree murder, a Class A felony. *See* T.C.A. § 39-11-117(a)(2) (1997). The authorized term of imprisonment for a Class A felony is fifteen to sixty years, unless otherwise provided by statute. *See* T.C.A. § 40-35-111(b)(1) (1997). A Range I offender convicted of a Class A felony has a sentencing range of fifteen to twenty-five years. T.C.A. § 40-35-112(a)(1) (1997). Accordingly, the Defendant's fifteen-year sentence for attempted first degree murder was an authorized sentence. The Defendant's life sentences were authorized punishments for first degree murder. *See* T.C.A. § 39-13-202(c)(3) (1997).

The Defendant contends that his sentence for attempted first degree murder was illegal because the violent offender classification was not statutorily available for that offense. Attempted first degree murder is not one of the offenses for which Tennessee Code Annotated section 40-35-501(i) (1997) mandates no release eligibility. Although the Defendant is correct that attempted first degree murder was not listed as a violent offense, he negotiated a plea agreement in which he agreed to serve the fifteen-year sentence at 100% with no release eligibility as a violent offender. Our Supreme Court has consistently held that a defendant may negotiate his release eligibility date ("RED") through the plea-bargaining process. *See Davis*, 313 S.W.3d at 757; *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007); *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997); *State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987). In *Davis*, the petitioner claimed his effective twenty-two-year sentence

arising from two drug offense offenses committed in a school zone was illegal because the 100% service requirement he agreed to exceeded the maximum release eligibility permitted by Tennessee Code Annotated section 40-35-501 (governing eligibility and calculations for the early release of inmates), which he argued was 60%. 313 S.W.3d at 763. The Court noted that the Drug-Free School Zone Act required the petitioner to serve "at least the minimum sentence" in his appropriate sentencing range with no release eligibility. 313 S.W.3d at 754; *see* T.C.A. § 39-17-432 (2003) (the Drug-Free School Zone Act, hereinafter "the Act"). However, as the Court also noted, the Act permitted trial courts to sentence a defendant in the petitioner's situation to a sentence above the minimum required to be served at 100%. *Davis*, 313 S.W.3d at 762-63 (citing T.C.A. § 39-17-432(f)). The petitioner entered a negotiated guilty plea in which the petitioner agreed to serve concurrent twenty-two-year sentences as a Range I offender at 100% for the two drug offenses. *Id.* at 754. The petitioner "obtained significant concessions in exchange for his guilty plea," including the dismissal of additional charges, receiving concurrent sentencing rather than facing the possibility of consecutive sentencing, avoiding federal prosecution for the offenses, and being sentenced as a Range I offender even though he qualified as a Range II offender. *Id.* at 764-65. In concluding that the petitioner's sentence was not illegal, the Court reasoned that

> the parties may agree to a 'hybrid' sentence that 'mixes and matches' range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain *so long as* (1) term of years is within the overall range of years specified for the offense . . . and (2) the RED is not less than the minimum allowable for the offense.

*Id.* at 760 (internal citations omitted, emphasis in original). Thus, a defendant "may choose to forego entirely any entitlement to a RED" in negotiations, and subsequent claims challenging that arrangement are non-jurisdictional and are waived when the resulting pleas are knowing and voluntary. *Id.* at 759-60, 765; *see Hoover*, 215 S.W.3d at 780 ("[A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility.") The Court observed that the 100% designation "for violent offenders, child rapists, multiple rapists, and repeat violent offenders refers to the defendant's RED" and that "[a] '100%' RED indicates that the defendant is not eligible for early release on parole." *Davis*, 313 S.W.3d at 758 n. 10. After considering that the petitioner agreed to the sentence imposed pursuant to a plea agreement and that the sentence imposed was otherwise not prohibited by statute, the Court determined that the petitioner's sentence was "within the trial court's jurisdiction to impose and is therefore a legal sentence." *Id.* at 766.

Consistent with the *Davis* opinion, our court has rejected claims similar to the claim presented by the Defendant in the present case. In *State v. William R. Holt*, this

court rejected the defendant's claim that his agreed sentence of twelve years at 100% for an aggravated robbery conviction pursuant to a guilty plea was illegal. No. M2014-00654-CCA-R3-CD, 2014 WL 6499856, at *3. This court concluded that "the 100% service as dictated by the terms of the plea agreement is not less than the minimum allowable for the offense and is not prohibited by our sentencing statutes." *Id.* (citing *Davis*, 313 S.W.3d at 765). We reached a similar conclusion in *State v. David A. Brimmer*, in which the defendant pleaded guilty to aggravated kidnapping and agreed to serve 100% of a sixty-year sentence as a violent offender consecutively to a prior first degree murder conviction in exchange for the State agreeing to not seek the death penalty at a resentencing hearing in the murder case. No. E2014-01393-CCA-R3-CD, 2014 WL 7201795, at *1 (Tenn. Crim. App. Dec. 18, 2014). The defendant claimed in relevant part that his classification as a violent offender for the aggravated kidnapping offense committed prior to the July 1, 1995, effective date of the statute mandating 100% service for violent offenses rendered his sentence illegal. *Id.*; *see* T.C.A. § 40-35-501(i). We concluded that the defendant failed to state a colorable claim because he agreed to the 100% service requirement for violent offenses in his aggravated kidnapping conviction pursuant to a negotiated plea agreement and because the length of the sentence was within the overall sentencing range authorized by statute. *Id.* at *4.

In the present case, the Defendant agreed to serve 100% of his fifteen-year sentence for attempted first degree murder as a violent offender pursuant to the plea agreement. As discussed above, his fifteen-year sentence was within the statutory range allowed for Class A felonies. *See* T.C.A. § 40-35-111(b)(1) (1997); T.C.A. § 40-35-112(a)(1) (1997). Although the violent offender classification is not mandated for a conviction of attempted first degree murder pursuant to section 40-35-501(i) (1997), the Defendant agreed to that condition as part of his negotiated plea agreement, and the 100% service pursuant to the plea agreement is not less than the minimum allowable for the offense of attempted first degree murder and is not otherwise prohibited by statute. *See Davis*, 313 S.W.3d at 765. Thus, the Defendant's sentence is not illegal. Because the Defendant did not state a colorable claim as it relates to his sentence for attempted first degree murder, the trial court was not required to determine whether that sentence was a material component of his plea agreement. *See* Tenn. R. Crim. P. 36.1(c)(2), (3). Therefore, he is not entitled to relief with respect to this claim.

The Defendant also claims that he received ineffective assistance of counsel, which resulted in his pleas not being knowing and voluntary. Ineffective assistance of counsel claims do not render a defendant's sentence illegal, and thus, the Defendant did not state a colorable claim under Rule 36.1. *See State v. Robert Allen Territo*, No. M2016-00548-CCA-R3-CD, 2017 WL 2984281, at *2 (Tenn. Crim. App. July 13, 2017). The appropriate remedy for ineffective assistance of counsel claims is through the Post-Conviction Procedure Act. *Id.* Similarly, "a claim of unknowing and involuntary guilty

plea is not a cognizable claim for relief under Rule 36.1." *State v. Thomas Edward Kotewa*, No. E2015-02111-CCA-R3-CD, 2016 WL 4943379, at *1 (Tenn. Crim. App. Sept. 15, 2016). Accordingly, the Defendant is not entitled to relief.

Finally, the Defendant notes in his brief that a judgment form in the record, which is not stamp-filed and was not attached to his motion, erroneously orders that the sentence for his attempted first degree murder conviction to run both consecutively and concurrently with his other sentences. Insofar as the Defendant is raising any claim regarding the judgment form, it is waived due to the lack of argument on appeal and the failure to raise the issue in the trial court. Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to the authorities, or appropriate references to the record will be treated as waived in this court."); *see State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."). In any event, the Defendant attached to his motion a stamp-filed judgment form for the attempted murder conviction that correctly reflects the fifteen-year sentence is to be served consecutively to the sentences resulting from the other convictions. We conclude that the trial court properly denied his motion summarily.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE